OPINION
{¶ 1} Daniel L. Brown appeals from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment in favor of JPMorgan Chase Bank ("JPMorgan") on its foreclosure claim and Brown's counterclaim to JPMorgan's foreclosure action. Brown also appeals the trial court's confirmation of the *Page 2 
sale of his property to JPMorgan, which occurred after the court granted judgment to JPMorgan on its foreclosure claim.
 {¶ 2} Brown resides at 3624 Camelot Road in Montgomery County, Ohio. For approximately sixteen years, Brown has been litigating his rights to this property. The property has been the subject of two foreclosure actions as well as litigation in federal court, with delays due to multiple bankruptcy proceedings. Because several of Brown's assignments of error in this appeal relate to an order in the first foreclosure action, a review of the related litigation is beneficial. We glean the following facts from the record.
 {¶ 3} In 1974, Brown purchased the property located at 3624 Camelot Road and obtained a mortgage from Glendale Federal Bank. The mortgage was serviced by Lomas Mortgage USA. Sometime around 1990, Brown learned of a class action lawsuit against Lomas based on alleged fraud by Lomas in servicing loans. In response, Brown stopped making payments on his mortgage.
 {¶ 4} Consequently, on June 13, 1991, Glendale brought suit against Brown and others, alleging that it was the holder of a note and mortgage on a parcel of real estate owned by Brown, that he had defaulted on the terms of the note and mortgage, and that he owed $21,692.15 plus interest from September 1, 1990. Glendale Federal Bank v. Brown, Montgomery Case No. 1991 CV 2581. Brown was served with the complaint on June 19, 1991, and he filed an answer on July 31, 1991. Glendale moved for summary judgment on its claim on August 19, 1991. Soon thereafter, Brown filed a petition for bankruptcy, and the foreclosure was dismissed "other than on the merits and without prejudice." The foreclosure case was reactivated on October 6, *Page 3 
1992, after Brown's bankruptcy case was dismissed.
 {¶ 5} On November 6, 1992, the trial court granted summary judgment to Glendale in the amount of $21,6912.15 plus seven percent interest per annum from June 30, 1991, and it ordered the property sold at a sheriffs sale. After Brown unsuccessfully sought relief from the judgment of foreclosure, the property was sold to Wayne and Mary Thomas for $57,000 on January 8, 1993. The Thomases made the required ten percent deposit. On January 19, 1993, the trial court approved and confirmed the sale, ordered the sheriff to convey the deed to the Thomases, and granted a writ of restitution putting the Thomases in possession of the property. Brown challenged the sale of the property by means of a "Motion in Opposition to the Approval of the Journal Entry Confirming Sale, Ordering Deed and Distributing Sale Proceeds." The court denied the motion.
 {¶ 6} Brown appealed the trial court's judgment, arguing that the appraisers had not conducted their appraisals in accordance with R.C.2329.31 and that the trial court erred in confirming the sale. Upon review, we affirmed the confirmation of sale of the property.Glendale Federal Bank v. Brown (Jan. 21, 1994), Montgomery App. No. 13976 ("Brown I"). Brown appealed to the Supreme Court of Ohio, which declined jurisdiction. Brown also appealed to the United States Supreme Court, which denied certiorari.
 {¶ 7} On March 2, 1994, Brown filed another bankruptcy petition. This action was dismissed on August 25, 1994. On August 26, 1994, Wayne Thomas sought a writ of restitution of the property. In response, Brown filed a motion to stay the eviction, which was granted. *Page 4 
 {¶ 8} Between September 1994 and June 1997, Brown challenged the sheriffs sale by an action in federal court. He also filed two additional bankruptcy petitions. No actions were taken in Case No. 1991 CV 2581 during this time, and the Thomases' writ of possession was stayed due to their failure to complete payment on the bid price.
 {¶ 9} In 1997, Glendale, through its servicing agent, purchased the Thomases' bid for the property and took an assignment of the bid. On June 5, 1997, Glendale filed the assignment of bid with the trial court, stating that the Thomases had assigned "all of their right, title and interest in and to their bid to the real estate sold at the Sheriff's Sale to Plaintiff, Glendale Federal Bank." On June 30, 1997, the trial court issued an "Amended Journal Entry Confirming Sale, Ordering Deed and Distributing Sale Proceeds." In this entry, the court ordered the sheriff to convey the property to Glendale, ordered the release of various liens, and ordered the sheriff to distribute the sale proceeds, including $40,656.48 to Glendale. The court issued judgment to Glendale in the amount of $25,730.62 plus seven percent interest per annum from June 30, 1991, and awarded Glendale a writ of possession. Brown was ordered to vacate the property by October 6, 1997, but on October 3, 1997, the trial court stayed the writ of possession pursuant to Brown's request.
 {¶ 10} On November 6, 1997, Brown filed a Civ.R. 60(B) motion, arguing that the Thomases lacked the capacity to assign the bid, because the bid had been extinguished upon the January 19, 1993 confirmation of sale. Brown further argued that First Nationwide Mortgage Corporation, not Glendale, was the real party in interest to bring a foreclosure action because it was the mortgage holder on June 30, 1997, the date of the amended entry. Brown further argued that he was denied the opportunity *Page 5 
to reinstate his loan. On January 30, 1998, the trial court overruled Brown's motion, and Brown appealed. Upon review, we rejected Brown's challenges to the Thomases' assignment of bid to Glendale, and we affirmed the trial court's judgment. Glendale Federal Bank v. Brown
(Dec. 31, 1998), Montgomery App. No. 17068 ("Brown II").
 {¶ 11} On July 31, 1999, after additional efforts by Brown to forestall eviction, Glendale and Brown entered into a settlement agreement, whereby Glendale agreed to lease the residence back to Brown with an option to purchase. Brown agreed to dismiss all pending lawsuits and to a broad release of Glendale and First Nationwide from liability.
 {¶ 12} On May 18, 2000, Brown re-purchased the property from Glendale for $78,000. The purchase was financed by a note and mortgage in the amount of $74,900 from Aames Funding Corporation. The mortgage was recorded on June 23, 2000.
 {¶ 13} Thereafter, Brown continued to file multiple actions in state and federal court related to his property.
 {¶ 14} On October 3, 2005, JPMorgan, as assignee of the Aames note and mortgage, filed a foreclosure complaint against Brown and others, alleging that Brown had been in default of his mortgage since September 1, 2003. Brown was served on October 5, 2005. On November 21, 2005, Brown filed an answer, raising seventeen defenses. Brown also asserted a counterclaim, which stated: "Money damage not to exceed two hundred thousand ($200,000.00) from all parties that are in evolved [sic] in the mortgage loan now in litigation." JPMorgan filed a motion to dismiss Brown's counterclaim or, alternatively, for a more definite statement. Brown responded with a *Page 6 
motion to dismiss the action for lack of jurisdiction and for failure to join necessary parties. On January 19, 2006, the magistrate granted JPMorgan's motion for a more definite statement.
 {¶ 15} On February 8, 2006, Brown filed a motion asking the trial court to "vacate the void ab initio amended confirmation order rendered by Judge Barbara Gorman dated June 30, 1997 in Case No. 91-2581 due to total absence of jurisdiction pursuant to Civ.R. 60(b)(4)." Brown argued that the trial court in Case No. 91 CV 2581 lacked subject matter and personal jurisdiction. JPMorgan opposed the motion, arguing that the motion did not satisfy Civ.R. 60(B)(4), that Brown lacked standing to bring the motion, that the motion was barred by res judicata, and that the motion constituted a violation of Civ.R. 11. On April 14, 2006, the magistrate denied the motion, concluding that Brown's motion was not filed within a reasonable time and that he had failed to demonstrate a meritorious defense. On April 21, 2006, Brown filed a "Motion for Ruling on 60(B)(4) Motion." On May 19, 2006, the magistrate again overruled Brown's motion for Civ.R. 60(B) relief.
 {¶ 16} On March 27, 2006, JPMorgan filed a motion for summary judgment on his foreclosure claim and on Brown's counterclaim. It supported its motion with the affidavit of Mimi Lev, a foreclosure specialist. On June 27, 2006, Brown filed a cross-motion for summary judgment, stating that "the Deed obtained by Plaintiff was illegally obtained from a void judgment and has no force or value." Brown claimed that the court lacked jurisdiction to rule on issues evolving from the alleged void judgment in Case No. 91 CV 2581.
 {¶ 17} On July 27, 2006, the magistrate granted JPMorgan's motion for *Page 7 
summary judgment on Brown's counterclaim, stating that Brown had failed to provide a more definite statement within the time period provided, and he ordered Brown to pay the costs of the action. On the same date, the magistrate also granted summary judgment to JPMorgan on its foreclosure claim, based on Lev's undisputed affidavit. The magistrate recommended judgment in favor of JPMorgan in the amount of $73,983.46 plus interest of 12.5 percent per annum and that the liens be marshaled, the property appraised, and the property sold.
 {¶ 18} On August 14, 2006, Brown filed objections to the magistrate's decision granting summary judgment on his counterclaim, arguing that the court lacked personal and subject matter jurisdiction, that his Civ.R. 60(B)(4) motion was ignored, and that the court had a duty to vacate the judgment in the 1991 case. Brown stated: "The only ruling that this court is authorized to make in instant case is on the motion to vacate the void order issued by Judge Barbara Gorman on June 30, 1997."
 {¶ 19} On September 21, 2006, the trial court adopted the magistrate's decision that judgment be entered in favor of JPMorgan "and against Defendant, Daniel Lee Brown[,] dismissing Defendant's Counterclaim" and that Brown "pay the costs of this action."
 {¶ 20} Brown appealed from the trial court's judgment. (Montgomery App. No. 21853).
 {¶ 21} On November 9, 2006, the trial court entered a judgment and decree of foreclosure and ordered the sale of the property. Brown filed a motion for relief from the judgment, arguing, in part, that the trial court failed to comply with Civ.R. 58. The trial court did not rule on this motion. On July 6, 2007, the sheriff's sale was held, at *Page 8 
which time JPMorgan purchased the property for $78,000. On July 31, 2007, the trial court confirmed the sale, and it ordered that the deed be transferred to JPMorgan and the sale proceeds distributed. On August 24, 2007, Brown appealed the judgment confirming the sale. (Montgomery App. No. 22359)
 {¶ 22} On September 14, 2007, we consolidated Brown's appeals. Brown raises fifteen assignments of error in all, many of which can be addressed together.
 {¶ 23} At the outset, Brown states that "[t]he June 30, 1997 Confirmation order is the main issue of this appeal." Although Brown has focused on the 1997 amended confirmation of sale, he is incorrect that the June 30, 1997 confirmation order is central to this foreclosure case. This case revolves around Brown's alleged default in his payments on the mortgage and note that he signed on May 18, 2000, when he repurchased the property. At that time — and throughout this case — Brown has held the deed to 3624 Camelot Road. That property, however, was collateral for the loan that he received to pay for the property. This foreclosure action and the instant appeals result from Brown's alleged failure to pay that loan as of September 2003.
 {¶ 24} We now turn to Brown's assignments of error.
 {¶ 25} "I. "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED APPELLANT'S 60(B) MOTION TO VACATE THE AMENDED CONFIRMATION ORDER RENDERED JUNE 30, 1997." (CA 21853)
 {¶ 26} "II. "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S 60(B)(4) MOTION FOR RELIEF FROM JUDGMENT WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING." (CA 21853)
 {¶ 27} "V. "THE TRIAL COURT COMMITTED REVERSABLE [SIC] ERR[OR] *Page 9 
WHEN IT DID NOT DECLARE THE FRAUDULENT DEED TRANSFER OF APPELLANT'S PROPERTY VOID." (CA 21853)
 {¶ 28} "VI. "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DID NOT RULE ON APPELLANT FRAUD ON THE COURT CHARGES." (CA 21853)
 {¶ 29} "I. "THE LOWER COURT ERRED IN NOT RULING THAT THE JUNE 30, 1997 CONFIRMATION ORDER WAS VOID, IN VIOLATION OF DUE PROCESS." (CA 22359)
 {¶ 30} In each of these assignments of error, Brown claims that the trial court erred when it failed to vacate the June 30, 1997 amended confirmation of sale. Brown asserts that the June 30,1997 judgment is void ab initio, because the court lacked subject matter and personal jurisdiction. Brown bases his argument on his assertions that he was never served with notice of the bid assignment, that the bid assignment was a fraudulent transfer, and that the court was thereby deprived of jurisdiction to enter the amended confirmation order. JPMorgan responds that the magistrate correctly found that Brown did not satisfy the requirements of Civ.R. 60(B). It further argues that Brown's claims are barred by res judicata. We agree with JPMorgan.
 {¶ 31} Civ.R. 60(B) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of *Page 10 
an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 32} "To prevail on [a] motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec,Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph 2 of syllabus; Covert Options, Inc. v. R.L. Young Assocs.,Inc., Montgomery App. No. 20011, 2004-Ohio-67, ¶ 7. "If any of these requirements are not met, the trial court must overrule the Civ. R. 60(B) motion." Jones v. Gayhart, Montgomery App. No. 21838,2007-Ohio-3584, ¶ 9. We review the trial court's decision for abuse of discretion. See Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,514 N.E.2d 1122; Hughes v. Green Tree Financial Servicing Corp., Greene App. No. 2002-CA-27, 2002-Ohio-4465.
 {¶ 33} As an initial matter, Brown should have brought his Civ.R. 60(B) motion in Case No. 1991 CV 2851, not this action. However, assuming that the motion was properly before the magistrate and trial court in this case, we agree with the magistrate that Brown did not satisfy each of the elements of Civ.R. 60(B). Brown's motion to vacate was brought in 2006 — nine years after the entry of the June 30, 1997 amended confirmation order. Brown did not presented a justifiable reason for this delay. We *Page 11 
find no fault with the magistrate's conclusion that the motion to vacate was not brought within a reasonable period of time.
 {¶ 34} Moreover, the magistrate did not err in concluding that Brown failed to present a potentially meritorious defense to the 1991 foreclosure action. As stated by the magistrate: "Defendant makes numerous allegations about procedures involved in the granting of the amended confirmation entry. He makes many conclusory assertions, but he makes no assertion of operative facts which, if true, constitutes a showing of a defense to the underlying foreclosure action in those 1990 [sic] proceedings."
 {¶ 35} We agree that Brown has provided no evidence that the 1997 amended confirmation order was void, and Brown has not presented any evidence to support a defense to that action. Accordingly, Brown has not demonstrated that he was entitled to relief under Civ.R. 60(B).
 {¶ 36} Moreover, as JPMorgan states, Brown previously challenged the June 30, 1997 amended confirmation order in a prior appeal to this court(Brown II), and we rejected each of his arguments. In that appeal, we concluded that the trial court did not err in permitting the assignment of the bid in the absence of a contempt action against the Thomases. We further rejected Brown's assertion that the Thomases could not assign their bid to Glendale, reasoning:
 {¶ 37} "When the trial court confirmed the sale, the title to the property passed to the Thomases, and Brown's property interest was extinguished. Thus, Brown lacked standing to challenge the assignment. Furthermore, even if Brown had possessed a property interest, the Thomases were entitled to assign the bid to *Page 12 
Glendale despite the fact that the Thomases owned the property and regardless of whether Glendale was the real party in interest."
 {¶ 38} We further found no support for Brown's allegation that the Thomases and Glendale entered an impermissible "buy-out agreement." Rather, we found that the record "supported] a finding that Brown contributed to the Thomases' failure to pay the full purchase price by challenging the sheriff's sale on direct appeal and in federal court. Because Brown attempted to delay his eviction from the property, he cannot now complain that he was prejudiced by the Thomases' failure to make full payment and by the assignment of bid to Glendale."
 {¶ 39} Finally, we rejected Brown's assertion that he should have been notified of and afforded an opportunity to be heard on the assignment prior to the issuance of the June 30, 1997 amended entry. We stated:
 {¶ 40} "Brown apparently interprets the June 30, 1997 amended entry as a second sale and confirmation. This entry, however, simply amended the January 19, 1993 confirmation of sale to reflect that Glendale, rather than the Thomases, should receive the deed from the sheriff and be awarded a writ of possession. Thus, Loc.R. 2.23(III) of the Montgomery County Court of Common Pleas, Civil Division, which requires notice of an upcoming judicial sale to the record owner of the property and other interested parties, did not apply. Furthermore, Brown's due process rights were not violated because he did not have a protected interest in the property following the confirmation of sale to the Thomases."
 {¶ 41} In short, we have previously rejected Brown's challenges to the 1997 amended confirmation order, including his claim that he was required to have notice of *Page 13 
the assignment of bid and a chance to be heard prior to the entry of the amended confirmation order. Brown cannot now argue that the lack of service resulted in the loss of personal jurisdiction over him, and, based on our prior ruling that no service was necessary, such an argument is patently baseless.
 {¶ 42} We note that Brown has also argued that the trial court lacked subject matter jurisdiction in Case No. 91 CV 2851 and in this case. The "subject matter jurisdiction of a court is a court's power to hear and decide a case upon its merits[.]" Morrison v. Steiner (1972),32 Ohio St.2d 86, 290 N.E.2d 841, paragraph one of the syllabus. Pursuant to R.C. 2305.01, "[t]he court of common pleas has original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts * * *." Although Brown claims that the trial court lacked subject matter jurisdiction, none of his arguments raise any doubt as to the trial court's jurisdiction over the prior foreclosure action or this action.
 {¶ 43} Upon review of Brown's submissions to the trial court[1] and our prior appellate ruling, Brown's assertion that the June 30, 1997 amended confirmation judgment is void is clearly without merit. Accordingly, Brown has failed to demonstrate that he was entitled to relief from that judgment, pursuant to Civ.R. 60(B).
 {¶ 44} Finally, Brown claims that the magistrate should have held an evidentiary hearing prior to addressing his Civ.R. 60(B) motion. Brown did not request a hearing on the motion and, even if he had, the magistrate did not err in overruling the motion *Page 14 
without a hearing because there were no questions of fact to be resolved. Accordingly, the magistrate did not err when he ruled on the motion without conducting a hearing.
 {¶ 45} The assignments of error related to the Civ.R. 60(B) motion are overruled.
 {¶ 46} "III. "THE TRIAL COURT ERRED IN NOT RULING THAT APPELLEE JPMORGAN CHASE BANK HAD NO STANDING TO SUE." (CA 21853)
 {¶ 47} "III. "LOWER COURT ERRED IN NOT ESTABLISHING LEGAL STANDING OF PLAINTIFF-APPELLEE." (CA 22359)
 {¶ 48} "IV. "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEE SUMMARY JUDGMENT WITHOUT FIRST FINDING THAT THE MOVING PARTY WAS ENTITLED TO JUDGMENT AS A MATTER OF [LAW]." (CA 21853)
 {¶ 49} "VI. "LOWER COURT COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEE SUMMARY JUDGMENT WITHOUT FIRST FINDING THAT THE MOVING PARTY WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW." (CA 22359)
 {¶ 50} "VII. "THE TRIAL COURT ERRED IN [SIC] CONTRARY TO THE RULE OF LAW WHEN IT DISREGARDED DEFENDANT'S CHALLENGE THAT THE TRIAL COURT LACK JURISDICTION OF APPELLANT." (CA 21853)
 {¶ 51} In these assignments of error, Brown claims that the trial court erred in granting summary judgment to JPMorgan. In particular, Brown claims that the trial court erred in failing to address whether JPMorgan had standing to sue. He asserts that he presented "facts and evidence to the trial court to show that JPMorgan Chase *Page 15 
Bank did not have a legal interest in Appellant's property and therefore had no standing to sue." This assertion is based on Brown's belief that the Thomases could not convey a property interest to Glendale and, thus, JPMorgan could not obtain a valid "legal title" in a subsequent transaction. Brown also claimed that the trial court lacked "judicial authority" in this case due to JPMorgan's lack of standing. Finally, Brown asserts that there are many factual issues and that JPMorgan did not establish its entitlement to judgment as a matter of law.
 {¶ 52} In our decision and entry dated July 3, 2007, we indicated that Brown filed objections to the magistrate's decision granting summary judgment to JPMorgan on his counterclaims, and that the trial court's September 21, 2006 order adopted the magistrate's decision granting summary judgment to JPMorgan on Brown's counterclaims. JPMorgan later responded that it believed that the trial court's September 21, 2006 order adopted all of the magistrate's rulings of July 27, 2006, including the grant of summary judgment to JPMorgan on its foreclosure claim. It further stated: "The parties certainly believed that the trial court's entry resolved all issues, because they address the full array of issues in their briefs to this court under case number 21853." Because the parties apparently believed the trial court adopted the magistrate's grants of summary judgment to JPMorgan on all claims and the trial court implied in its November 9, 2006 judgment that it had adopted both magistrate decisions granting summary judgment, we will construe Brown's notice of appeal as a premature appeal of the trial court's November 9, 2006 judgment and decree of foreclosure, which explicitly granted summary judgment to JPMorgan on its foreclosure claim. Accordingly, we will address the grant of summary judgment to *Page 16 
JPMorgan on its claim.
 {¶ 53} In support of its motion for summary judgment, JPMorgan attached the affidavit of Mimi Lev, foreclosure specialist for Homecomings Financial Network, Inc., the servicing agent for JPMorgan. Lev stated in her affidavit that Brown obtained title to 3624 Camelot Road on May 18, 2000, with loan proceeds furnished by Aames Funding Corporation. She stated that Aames assigned the note and mortgage to Bank One, N.A., as trustee, and that JPMorgan is successor by merger to Bank One. Lev further stated that Brown has been in default in payment under the terms of the note and mortgage, that the account was due for October 1, 2003, and that the principal balance due was $73,983.46 plus 12.5 percent interest per annum. The mortgage and the assignment were attached to the affidavit. Brown did not submit an affidavit to refute any of the statements in Lev's affidavit. Accordingly, in granting summary judgment to JPMorgan on its foreclosure claim, the magistrate accepted Lev's affidavit as true.
 {¶ 54} Lev's undisputed affidavit established that JPMorgan held a mortgage and note for the payment of a loan that Brown used to re-purchase 3625 Camelot Road on May 18, 2000. The affidavit established that Brown had defaulted on that loan, that JPMorgan had elected to accelerate the loan, and that JPMorgan was entitled to the full principal balance. Accordingly, Lev's affidavit supported the conclusion that JPMorgan had standing to seek judgment on the note and foreclosure, and that JPMorgan was entitled to judgment as a matter of law.
 {¶ 55} The facts raised by Brown concerning the prior foreclosure action by Glendale are irrelevant to JPMorgan's standing in this action, and Brown has failed to *Page 17 
demonstrate the existence of any genuine issues of material fact related to the note and mortgage at issue in this litigation. Accordingly, the trial court did not err in granting summary judgment to JPMorgan on its foreclosure claim.
 {¶ 56} "VII. "THE LOWER COURT COMMITTED ERROR WHEN IT DISREGARDED DAMAGES ALLEGED BY APPELLANT." (CA 22359)
 {¶ 57} In his seventh assignment of error in CA 22359, Brown claims that the trial court erred in failing to consider his claim for damages. Brown asserts that there was no appraisal prior to the 1997 amended confirmation order; that his personal property was lost and destroyed by movers hired during the prior action; that the amended confirmation order resulted in an increase in the judgment lien by $13,000; that he was required to obtain a loan for approximately $70,000 at an interest rate of twelve percent to repurchase his home when his prior balance had been approximately $27,000; that he has paid over $35,000 in mortgage payments since 1997; and that he has made more than $10,000 in repairs since moving back into his home.
 {¶ 58} We note that Brown has raised this issue in both the assignment of error in his appeal from the 2007 confirmation of sale and in his appeal from the trial court's grant of summary judgment to JPMorgan (CA 21853), although it was not explicitly stated as an assignment of error in CA 21853.
 {¶ 59} Although not specifically referencing the trial court's rulings, Brown's argument, in essence, challenges the trial court's grant of summary judgment to JPMorgan on his counterclaim. As indicated above, Brown's counterclaim requested "[m]oney damage not to exceed two hundred thousand ($200,000.00) from all parties that are [involved] in the mortgage loan now in litigation." JPMorgan responded with a *Page 18 
motion to dismiss the counterclaim or for a more definite statement. On January 19, 2006, the magistrate granted the motion for a more definite statement, stating that Brown's counterclaim was "vague and ambiguous," that it did not set forth any facts, that it did not state why he was entitled to damages, and that it was unclear as to which party Brown was seeking judgment. The magistrate ordered Brown to file a more definite counterclaim within twenty-one days.
 {¶ 60} Brown failed to file an amended counterclaim. On that basis, the magistrate granted summary judgment to JPMorgan on Defendant's counterclaim, and the trial court adopted the magistrate's decision.
 {¶ 61} In light of Brown's failure to file an amended counterclaim articulating the underlying facts and legal theories for his claim for damages, the trial court did not err in granting summary judgment to JPMorgan on his claim for damages and in failing to address his alleged damages further.
 {¶ 62} The assignment of error related to his claim for damages is overruled.
 {¶ 63} "II. "TRIAL [COURT] ERRED IN MAKING RULING WITHOUT ESTABLISHING PERSONAL JURISDICTION OF DEFENDANT-APPELLANT, IN VIOLATION OF APPELLANT'S CONSTITUTIONAL GUARANTEED RIGHTS TO DUE PROCESS." (CA 22359)
 {¶ 64} In his second assignment of error in CA 22359, Brown claims that the trial court erred in entering summary judgment against him without establishing personal jurisdiction over him. Brown states that he raised the lack of personal jurisdiction in his answer, and that JPMorgan was thereby required to present evidence that personal jurisdiction existed prior to the court proceeding. *Page 19 
 {¶ 65} "It is well accepted that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant. Personal jurisdiction may only be acquired by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by an appearance that waives of certain affirmative defenses, including jurisdiction over the person under the Rules of Civil Procedure." Abuhilwa v. O'Brien, Montgomery App. No. 21603, 2007-Ohio-4328, ¶ 14, citing Maryhew v. Yova (1984),11 Ohio St.3d 154, 464 N.E.2d 538. "The defense of lack of personal jurisdiction is waived if it is not raised in a responsive pleading or in a motion filed prior to the answer." B-Dry System, Inc. v. Kronenthal (June 30,1999), Montgomery App. Nos. 17130, 17619; see Civ.R. 12(H). "Once a court of competent jurisdiction acquires jurisdiction over an action, its authority continues until the matter is completely and finally disposed of * * *." B-Dry System, supra.
 {¶ 66} Here, Brown raised the defense of lack of personal jurisdiction in his answer. Consequently, he did not expressly waive that defense. However, Brown did not file a motion to dismiss for lack of personal jurisdiction based on improper service in this suit. Rather, his challenges to personal jurisdiction related to the amended confirmation order in the prior foreclosure action. Accordingly, Brown did not adequately challenge the court's exercise of personal jurisdiction in this case, and he did not provide JPMorgan and the trial court an opportunity to address any concerns about the court's exercise of personal jurisdiction in this foreclosure action.
 {¶ 67} Regardless, the record demonstrates that Brown is a resident of Ohio and that he received personal service of the complaint and summons. On October 3, *Page 20 
2005, JPMorgan requested that Brown receive residential service by a court-appointed special process service, Legal Ease of Ohio. On October 6, 2005, a return of service was filed, which indicated that Brown had been served by personal service on October 5, 2005. In his October 18, 2005 motion for an extension of time to file his answer, Brown acknowledged that he had received the complaint. Accordingly, the record suggests that the trial court obtained personal jurisdiction over Brown in October 2005, and it retained jurisdiction throughout the litigation.
 {¶ 68} The second assignment of error in CA 22359 is overruled.
 {¶ 69} "IV. "THE LOWER COURT COMMITTED ERROR WHEN IT DID NOT APPLY THE DOCTRINE OF CLEAN HANDS." (CA 22359)
 {¶ 70} Next, Brown argues that the trial court erred in failing to apply the doctrine of unclean hands. Brown states that JPMorgan's attorney, Rick DeBlasis, who was also the attorney for Glendale, used irregular and fraudulent means to deprive him of his home. Brown's argument again stems from his belief that the assignment of the Thomases' bid and the amended confirmation order were unlawful. Brown thus concludes:
 {¶ 71} "JPMorgan Chase Bank filed a foreclosure claim against appellant using the deed that was obtained by fraud. * * * JPMorgan Chase Bank knew or should have known that the deed was unlawfully obtained. The Attorney representing JPMorgan Chase Bank knew that the deed involved in this case was unlawfully obtained. A party receiving stolen car can not come into court and argue that the car he purchased does not operate properly. * * * Appellant asserts that both Attorney Rick DeBlasis and JPMorgan have come into the lower court with unclean hands. To ignore these *Page 21 
undisputed facts and evidence by the lower court is an abuse of discretion."
 {¶ 72} We find no error in the trial court's failure to apply the doctrine of unclean hands. As stated above, Brown bases his argument on his belief that the trial court amended confirmation of sale was unlawful and, thus, his subsequent repurchase of the property from Glendale was likewise unlawful. However, there is no evidence that Aames (the party from which Brown obtained his current mortgage) acted improperly or that Bank One (JPMorgan's predecesser in interest) acted improperly when it received the mortgage and note by assignment. Accordingly, regardless of the fact that JPMorgan is represented by Mr. DeBlasis, Brown has not presented evidence of unclean hands by JPMorgan.
 {¶ 73} The fourth assignment of error in CA 22359 is overruled.
 {¶ 74} "V. "THE LOWER COURT COMMITTED ERROR BY ITS VIOLATION OF FEDERAL RULE 58(B) AND CIVIL RULE 56(C)." (CA 22359)
 {¶ 75} "VIII. "THE TRIAL COURT IN ERROR IMPROPERLY CONFIRMED THE SALE OF APPELLANT'S PROPERTY." (CA 22359)
 {¶ 76} In these assignments of error, Brown claims that the trial court's judgment of foreclosure and the confirmation of sale in this case must be vacated. Stated generally, Brown asserts in his fifth assignment of error in CA 22359 that the court lacked personal jurisdiction, that it failed to comply with Civ.R. 56(C) in addressing the summary judgment motions, and that it failed to comply with Fed.R. 58(b) upon issuing its judgment of foreclosure. In his eighth assignment of error in CA 22359, Brown asserts that the court improperly confirmed the sale of his property after he filed a notice of appeal (CA 21853). *Page 22 
 {¶ 77} First, Brown claims that the trial court lacked jurisdiction to rule on the foreclosure issues. We have concluded, supra, Brown did not adequately challenge the court's personal jurisdiction and that the trial court nevertheless had personal jurisdiction over him in this case. We need not address that issue again.
 {¶ 78} Next, Brown argues the trial court failed to comply with Civ.R. 56(C) in granting summary judgment to JPMorgan. He argues that he raised seventeen affirmative defenses but that the trial court failed to make findings of fact or conclusions of law on these issues.
 {¶ 79} As JPMorgan states, Brown has raised this argument in his appeal from the confirmation of sale, not from the trial court's grant of summary judgment and judgment of foreclosure to JPMorgan. Brown's argument is irrelevant to whether the trial court properly confirmed the sale of his home in July 2007.
 {¶ 80} However, even if we were to review the summary judgment ruling, we would find no error in the trial court's ruling. In its motion, JPMorgan presented evidence that it was entitled to summary judgment on its claim for default and foreclosure. JPMorgan also asserted that "Brown's 17 affirmative defenses do not evoke a genuine issue of fact for trial." JPMorgan briefly addressed each affirmative defense and asserted that none of the defenses was sufficient to withstand its motion for summary judgment. Accordingly, JPMorgan satisfied its initial burden for seeking judgment on its claims for default and foreclosure. See ABN Amro Mortgage Group v. Meyers, Montgomery App. No. 20463,2005-Ohio-602. Brown, however, did not satisfy his reciprocal burden to establish a genuine issue of material fact as to his affirmative defenses. Although neither the magistrate nor the trial court expressly addressed *Page 23 
Brown's affirmative defenses, the magistrate found that Brown had failed to provide any evidence in response to JPMorgan's motion for summary judgment and that he failed to create any genuine issues of material fact. The magistrate thus implicitly found no support for the affirmative defenses. In sum, we would find no fault with the trial court's grant of summary judgment to JPMorgan.
 {¶ 81} Brown further claims that the trial court failed to comply with Civ.R. 58(B), which he presumably has inadvertently cited as Fed.R. 58(b), when it issued the judgment and decree of foreclosure. Brown thus asserts that the sale of his property must be vacated. JPMorgan responds that the clerk's violation of Civ.R. 58(B) is "simply not relevant to this appeal." We disagree with JPMorgan and conclude that the sale must be vacated.
 {¶ 82} Civ.R. 58(B) provides:
 {¶ 83} "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A)."
 {¶ 84} "It is the service of notice, and adequate proof thereof, and not actual notice that is required by Civ.R. 58(B)." In re A.A., Cuyahoga App. No. 85002, 2005-Ohio-2618,1J13. *Page 24 
 {¶ 85} In our July 3, 2007 decision and entry, we noted that the judgment and decree of foreclosure was signed by counsel for JPMorgan as well as counsel for several of the defendants. However, the foreclosure judgment was not signed by Brown, and there was no notation on the judgment stating that a copy should be sent to Brown. Moreover, we noted that the clerk of courts had not filed a Civ.R. 58(B) notice regarding this judgment and decree. We thus pointed out that the failure to meet the requirements of Civ.R. 58(B) tolls the time for appealing a judgment. See, e.g., In re B.M.R., Miami App. Nos. 2005 CA 1, 2005 CA 18, 2005-Ohio-5911, at ¶ 16. We suggested that JPMorgan might wish to vacate the sheriffs sale and properly serve Brown with the foreclosure judgment, indicating that "if JPMorgan proceeds with the auction scheduled for July 6, 2007, JPMorgan could subject itself to the possibility that the foreclosure order might subsequently be vacated and the sale set aside, based on a failure to comply with service requirements." The sale occurred despite our warning.
 {¶ 86} Civ.R. 58(B) expressly states that the failure to comply with its service requirements "does not affect the validity of the judgment." Therefore, the judgment and decree of foreclosure is not void due to the clerk of court's failure to serve Brown in accordance with Civ.R. 58(B).
 {¶ 87} However, Brown is entitled to notice of the judgment and decree of foreclosure in accordance with Civ.R. 58(B) prior to the sale of his property. Accordingly, the trial court erred in confirming the sale of Brown's property prior to proper notice of the foreclosure judgment. The trial court's order of July 31, 2007, which confirmed the sale, ordered the transfer of the deed, and distributed the sale *Page 25 
proceeds must be vacated.
 {¶ 88} Brown's fifth assignment of error in CA 22359 is overruled in part and sustained in part. The eighth assignment of error in CA 22359 is sustained.
 {¶ 89} The trial court's July 31, 2007 confirmation of sale order is vacated. The trial court's judgment and decree of foreclosure is affirmed, including the court's prior orders granting summary judgment to JPMorgan and denying Brown's Civ.R. 60(B) motion to vacate the 1997 amended confirmation order. This matter is remanded to the trial court for further proceedings consistent with this opinion.
FAIN, J. and GRADY, J., concur.
[1] Brown submitted an "Affidavit in Support of Appellate Brief." Because our review is limited to the record created in the trial court, e.g., Chase Manhattan Mtg. Corp. v. Locker, Montgomery App. No. 19904, 2003-Ohio-6665,]}10, we did not consider the affidavit submitted with Brown's appellate brief. *Page 1