[Cite as *Quantum Servicing Corp. v. Haugabrook*, 2013-Ohio-3516.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

QUANTUM SERVICING CORP.

    Appellee

    v.

RUSSELL T. HAUGABROOK, JR., et al.

    Appellant

C.A. No.    26542

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 09-01-0521

DECISION AND JOURNAL ENTRY

Dated: August 14, 2013

HENSAL, Judge.

{¶1}    Appellant, Russell T. Haugabrook, Jr., appeals from the judgment of the Summit County Court of Common Pleas. This Court reverses and remands this matter to the trial court for the complaint to be dismissed.

I.

{¶2}    On September 28, 2006, Haugabrook executed a promissory note for $328,500.00 in favor of Novastar Mortgage, Inc. for the property located at 480 Preserve Lane in Macedonia, Ohio. The note was secured by a mortgage on the property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as a nominee for Novastar.

{¶3}    Quantum Servicing Corp. filed a complaint for foreclosure on January 21, 2009. The complaint named as defendants Haugabrook, Jane Doe, the unknown spouse of Haugabrook, and Roberto M. Gaines, who held a mortgage on the subject property in the amount of $18,250.00. On March 3, 2009, Quantum filed a motion to substitute Real Estate Mortgage

Network, Inc. ("REMN") as the party plaintiff. Quantum attached an assignment to the motion that demonstrated Quantum transferred the note and mortgage to REMN on February 10, 2009. On March 4, 2009, the trial court granted Quantum's motion to substitute. REMN subsequently moved for default judgment against all the defendants after none of them filed a responsive pleading to the complaint or otherwise appeared in the action. The trial court granted the motion for default judgment and entered a decree of foreclosure on March 20, 2009. The property was scheduled for sheriff's sale several times, but stayed each time due to bankruptcy filings by Haugabrook.

{¶4} On May 26, 2011, Haugabrook filed a motion to vacate the default judgment and decree of foreclosure. Thereafter, on June 21, 2011, the case was again stayed due to Haugabrook filing bankruptcy. On August 9, 2011, REMN assigned the note and mortgage to Silar Distressed Real Estate Fund-I, LP. Silar obtained an order from the bankruptcy court granting it relief from the automatic stay. On February 15, 2012, REMN filed a motion to substitute Silar as the party plaintiff in the foreclosure action. The trial court granted REMN's motion on February 24, 2012. The trial court issued a judgment entry on June 12, 2012, that denied Haugabrook's motion to vacate.

{¶5} Haugabrook filed a timely notice of appeal, and sets forth one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION IN NOT GRANTING HOMEOWNER'S MOTION TO VACATE VOID JUDGMENT WHEN FORECLOSING LENDER HAD NO STATUTORY RIGHT TO ENFORCE A PROMISSORY NOTE AND THEREFORE BROUGHT A NON-JUSTICIABLE CLAIM WHICH FAILED TO INVOKE THE COURT'S SUBJECT MATTER JURISDICTION.

{¶6} Haugabrook argues that the trial court erred in denying his motion to vacate as neither Quantum nor Silar proved it was the legal holder of the promissory note. Because neither entity could establish that it was either a holder or a non-holder in possession of the note, according to Haugabrook, the trial court did not have subject matter jurisdiction over the matter as the foreclosure claim was not justiciable.

{¶7} This Court first notes that both Silar and Haugabrook argue that the trial court's denial of the motion to vacate should be reviewed under an abuse of discretion standard. However, because Haugabrook argues that Quantum did not have standing to file the foreclosure complaint, and, therefore, that the trial court lacked jurisdiction over the matter, he presents a legal question that this Court reviews de novo. *Thomas v. Bldg. Dept. of Barberton*, 9th Dist. Summit No. 25628, 2011-Ohio-4493, ¶ 6. *See also FirstMerit Bank v. Wood*, 9th Dist. Lorain No. 09CA009586, 2010-Ohio-1339, ¶ 5, quoting *Eisel v. Austin*, 9th Dist. Lorain No. 09CA009653, 2010-Ohio-816, ¶ 8 ("Challenges to a * * * court's jurisdiction present [a] question[ ] of law and are reviewed by this Court de novo.")

{¶8} Civil Rule 17(A) provides that "[e]very action shall be prosecuted in the name of the real party in interest." The real party in interest in a foreclosure action "is the current holder of the note and mortgage." *Wells Fargo Bank N.A. v. Horn*, 9th Dist. Lorain No. 12CA010230, 2013-Ohio-2374, ¶ 10, quoting *U.S. Bank, N.A. v. Richards*, 189 Ohio App.3d 276, 2010-Ohio-3981, ¶ 13 (9th Dist.). Rule 17(A) is not applicable, however, "'unless the plaintiff has standing to invoke the jurisdiction of the court in the first place.'" *Horn* at ¶ 10, quoting *Wells Fargo Bank, N.A. v. Jordan*, 8th Dist. Cuyahoga No. 91675, 2009-Ohio-1092, ¶ 21. The issue of standing does not challenge a court's subject matter jurisdiction, which is defined as "a court's

power to hear and decide a case upon its merits." *Deutsche Bank Natl. Trust Co. v. Whiteman*, 10th Dist. Franklin No. 12AP-536, 2013-Ohio-1636, ¶ 27, quoting *JP Morgan Chase Bank, N.A. v. Brown*, 2d Dist. Montgomery Nos. 21853, 22359, 2008-Ohio-200, ¶ 42. *See also BAC Home Loans Servicing, L.P. v. Cromwell*, 9th Dist. Summit No. 25755, 2011-Ohio-6413, ¶ 8.

{¶9} The Ohio Supreme Court recently stated that:

> Whether a party has a sufficient stake in an otherwise justiciable controversy * * * is what has traditionally been referred to as the question of standing to sue. Where the party does not rely on any specific statute authorizing invocation of the judicial process, the question of standing depends on whether the party has alleged * * * a personal stake in the outcome of the controversy.

(Internal quotations omitted.) *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 21, quoting *Cleveland v. Shaker Hts.*, 30 Ohio St.3d 49, 51 (1987). Whether the plaintiff has standing to bring the action is a jurisdictional matter that is determined at the time of the filing of the complaint. *Id*. at ¶ 25. "[A] common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance." *Id*. at ¶ 38. If a plaintiff lacks standing at the filing of the complaint, the matter must be dismissed without prejudice. *Id*. at ¶ 40.

{¶10} In the present case, the trial court found that the "Plaintiff" had standing as the real party in interest. It is unclear from the judgment entry whether the trial court found that Quantum (as the original plaintiff) or Silar (as the current plaintiff) had standing. Because the relevant inquiry is whether Quantum had standing at the time it filed its foreclosure complaint, this Court will limit its inquiry to that question accordingly.

{¶11} Quantum attached to its foreclosure complaint: (1) the promissory note between Haugabrook and Novastar, which does not include any indorsements; (2) the mortgage securing the note with MERS as the nominee for Novastar listed as the mortgagee, (3) an assignment of

the note and mortgage from MERS as the nominee for Novastar to Avelo Mortgage, L.L.C. and (4) an affidavit of fact relating to title that was recorded on January 13, 2009, prior to the filing of the complaint. The affidavit of fact relating to title is signed by Joe Caravetta, vice president of Quantum, who averred that Avelo assigned the mortgage to Quantum, "but [that] the written memorialization of that assignment was lost due to inadvertence and was never recorded in the records of Summit County, Ohio." He averred that he was unable to locate Avelo so as to obtain another copy of the original assignment. Mr. Caravetta did not aver that Avelo assigned the note to Quantum, although he stated in the affidavit that Quantum was "currently the actual holder of the aforementioned Note and Mortgage." While the affidavit stated that the subject note and mortgage are attached to the document as exhibits, the copy of the affidavit attached to the complaint does not include the attachments. The recording information on the affidavit indicates that it is a 30-page document, but only the first four pages, which are comprised of the affidavit and legal description, were provided when it was included as an exhibit to the complaint.

{¶12} Silar argues that Quantum was the holder of the note via a blank indorsement. It acknowledges in its appellate brief that the copy of the note attached to the complaint did not contain an indorsement. Silar maintains, however, that the trial court could take judicial notice of the attachments to the affidavit of fact, which purports to include a copy of the note with a blank indorsement. However, this Court need not determine whether the trial court could take judicial notice of the affidavit of fact's attendant attachments as there is no evidence from the judgment entry denying Haugabrook's motion to vacate that the trial court did so in the first instance.

{¶13} Based on this Court's review of the record, there is no evidence that Quantum had standing to file its foreclosure complaint. While Quantum attached to the complaint an

assignment of the note and mortgage from MERS as the nominee for Novastar to Avelo Mortgage, L.L.C., there is no evidence in the trial court's record that the note was ever indorsed from Novastar to MERS or that MERS became a holder through proper assignment of a note indorsed in blank. Therefore, the trial court erred in denying Haugabrook's motion to vacate the void judgment. In accordance with the Ohio Supreme Court's decision in *Schwartzwald*, this Court sustains Haugabrook's assignment of error and orders the trial court to dismiss the complaint without prejudice.

## III.

{¶14} Haugabrook's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

EDWARD F. HERMAN, Attorney at Law, for Appellant.

KIMBERLEE S. ROHR, Attorney at Law, for Appellee.