[Cite as *Wells Fargo Bank, N.A. v. Henry*, 2014-Ohio-3768.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**


| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-P-0007** |
| FELICIA HENRY, et al., | : | |
| Defendant-Appellant. | : | |


Civil Appeal from the Portage County Court of Common Pleas, Case No. 2010 CV 1845.

Judgment: Affirmed.


*Scott A. King* and *Nicholas W. Myles,* Thompson Hine, LLP, Austin Landing 1, 10050 Innovation Drive, Suite 400, Dayton, OH  45342 (For Plaintiff-Appellee).

*Felicia Henry,* pro se, 1150 Creekledge Court, Streetsboro, OH  44241 (Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1}  This appeal is from the Portage County Court of Common Pleas. Appellant Felicia Henry appeals from the trial court's judgment denying her pro se common law motion to vacate.  On appeal, she claims that appellee Wells Fargo N.A. lacked standing to bring suit and that the notice of foreclosure failed to comply with various Department of Housing and Urban Development (HUD) regulations.  For the following reasons, we affirm.

{¶2} On November 7, 2008, appellant and James R. Bowden ("Bowden"), defendant but not a party to this appeal, executed a note in favor of NVR Mortgage Finance, Inc. ("NVR"), and a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for NVR and its successors. The loan was for $217,846.00 and secured by property located at 1150 Creekledge Court, Streetsboro, Ohio 44241. NVR specially indorsed the note to appellee, Wells Fargo Bank, N.A. ("Wells Fargo"), and Wells Fargo indorsed the note in blank. On August 20, 2010, MERS, as nominee for NVR, executed an assignment of mortgage in favor of Wells Fargo.

{¶3} Thereafter, on December 3, 2010, Wells Fargo filed a complaint in foreclosure seeking the balance due on the note and to foreclose the mortgage.[1] The complaint alleged that Wells Fargo was the holder of the note and complied with all conditions precedent. The note, mortgage, and assignment of mortgage were all attached to the complaint as exhibits. Appellant filed a pro se answer indicating that she wished to "save the property." However, appellant's answer did not set forth any legal defenses or deny the complaint's allegations. Appellant also did not raise in her answer any issue regarding standing or assert that Wells Fargo had failed to satisfy any conditions precedent. Bowden did not file an answer.

{¶4} On April 18, 2012, Wells Fargo filed a motion for summary judgment against appellant and a motion for default judgment against Bowden. The affidavit attached to the motion for summary judgment alleged that Wells Fargo was the holder of the note and mortgage. Neither appellant nor Bowden responded. On July 17,

---

1. The complaint did not seek personal judgment against Bowden on the note as his obligation was discharged in bankruptcy. Although Bowden was a named defendant below, he is not a party in this appeal.

2

2012, the trial court entered summary judgment on the note and mortgage against appellant, granted a default judgment against Bowden, and entered a decree of foreclosure. Neither appellant nor Bowden appealed.

{¶5} On November 27, 2012, Wells Fargo filed a notice of sheriff's sale, which was scheduled for December 17, 2012. On December 3, 2012, appellant filed a pro se common law motion to vacate. In her motion, appellant alleged for the first time that Wells Fargo did not have standing because the note had been placed into Ginnie Mae Remic Trust 2008-093 ("Trust") (in which Wells Fargo serves as trustee), the note was not transferred to Wells Fargo, the note and mortgage were separated and the mortgage was destroyed when the note was securitized. Appellant also alleged that the assignment was fraudulently executed because Wells Fargo and its foreclosure representative brought this and other similar actions and are subject to other lawsuits. Appellant requested an evidentiary hearing contending that Wells Fargo's actions violated the Fair Debt Collection Practices Act, the Truth in Lending Act, and the Real Estate Settlement Procedures Act.

{¶6} Attached to appellant's motion to vacate was an affidavit from William McCaffrey ("McCaffrey"), a "securitization analyst" with 30 years of experience in the banking industry. He averred that because the property was placed into the Trust, the Trust is the only real party in interest with standing to enforce the note.

{¶7} On application from Wells Fargo, on December 12, 2012, the trial court withdrew the property from the scheduled sheriff's sale.

{¶8} On December 24, 2012, Wells Fargo filed an opposition to appellant's motion to vacate. Wells Fargo argued that appellant's motion should be denied because she failed to oppose the motion for summary judgment and did not timely

3

appeal the order of summary judgment and decree of foreclosure. Wells Fargo also argued that appellant made no mention of Civ.R. 60(B) or any element for a motion to vacate to which she could establish she is entitled to relief from judgment. Wells Fargo further argued that appellant's motion failed on the merits because Wells Fargo demonstrated standing at the time it filed the complaint.

{¶9} On January 4, 2013, the trial court determined appellant's motion to vacate was not well-taken, and denied the motion without a hearing. The court held that Wells Fargo demonstrated standing to collect on the note and foreclose the mortgage by attaching to the complaint the note and mortgage, along with the notice of assignment of mortgage to Wells Fargo which showed it was executed prior to the filing of the complaint. Appellant timely filed a pro se appeal and asserts the following assignments of error for our review:[2]

{¶10} "[1.] The trial court committed prejudicial error in granting Appellee summary judgment without holding a hearing on Appellant's Motion to Vacate/Set Aside Judgment.

{¶11} "[2.] The trial court was fully aware there was no admissible evidence before it to render summary judgment. Further the trial court knew the alleged Plaintiff did not exist and there was no legal entity before the court with standing and capacity to sue Appellant."

{¶12} Appellant's assignments of error are interrelated. Thus, for ease of discussion, we will address them together.

---

2. Another sheriff's sale was scheduled for May 13, 2013. However, on application from Wells Fargo that it did not want to proceed with the sale during the appeal, the trial court withdrew the property from the scheduled sale.

4

{¶13} A trial court's denial of a common law motion to vacate is reviewed under an abuse of discretion standard. *See Aurora Loan Services, LLC v. Cart*, 11th Dist. Ashtabula No. 2010-A-0024, 2011-Ohio-2450, ¶18, citing *Terwoord v. Harrison*, 10 Ohio St.2d 170, 171 (1967); *see also Quantum Servicing Corp. v. Haugabrook*, 9th Dist. Summit No. 26542, 2013-Ohio-3516, ¶7. However, because appellant argues that Wells Fargo did not have standing to file the foreclosure complaint, and, therefore, that the trial court lacked jurisdiction over the matter, she presents a legal question that this court reviews de novo. *Haugabrook*, *supra,* at ¶7.

{¶14} Thus, we are called upon to determine whether Wells Fargo had standing at the time it filed its complaint.

{¶15} For the reasons that follow, this court must follow the Ohio Supreme Court's recent decision in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, involving a mortgage foreclosure action, and we agree with the trial court that Wells Fargo had standing to obtain judgment.

{¶16} Pursuant to *Schwartzwald,* standing is required to present a justiciable controversy and is a jurisdictional requirement. *Schwartzwald, supra,* at ¶21-22; *see also CitiMortgage, Inc. v. Oates*, 11th Dist. Trumbull No. 2013-T-0011, 2013-Ohio-5077, ¶15-19, 24 (standing is not connected to a court's subject matter jurisdiction). Because standing is required to invoke the trial court's jurisdiction, standing is determined *as of the filing of the complaint. Schwartzwald*, 2012-Ohio-5017 at ¶24.

{¶17} In this case, as stated, appellant never challenged Wells Fargo's standing in her answer to the complaint nor did she appeal the trial court's order of summary judgment. Rather, appellant raised the issue of standing for the first time in her motion to vacate.

{¶18} Attached to her motion to vacate was an affidavit from securitization analyst McCaffrey averring that the Trust is the only real party in interest with standing to enforce the note. In the interest of judicial efficiency, we will assume that McCaffey's averments that the note was placed in the trust are accurate, and that Wells Fargo is the trustee of the trust

{¶19} Civ.R. 17(A) states in part: "Every action shall be prosecuted in the name of the real party in interest. [A] * * * trustee of an express trust * * * may sue in his name as such representative without joining with him the party for whose benefit the action is brought."

{¶20} "A trustee technically is not a real party in interest as it does not have a direct interest in the outcome of an action involving a trust; but by virtue of Civ.R. 17, for purposes of simplification, etc., the trustee is permitted to bring the action. Therefore, pursuant to Civ.R. 17 the trustee is an exception to the rule that an action must be prosecuted in the name of the real party in interest." *Sec. Trust Co. v. Gross*, 12th Dist. Butler Nos. CA83-06-054, CA83-06-058, and CA83-06-069, 1985 Ohio App. LEXIS 9653, *13-14, citing *DeGarza v. Chetister*, 62 Ohio App.2d 149 (6th Dist.1978).

{¶21} In the context of mortgage foreclosure proceedings, a trustee has standing to bring an action. *Wells Fargo Bank N.A., v. Freed*, 3d Dist. Hancock No. 5-12-01, 2012-Ohio-5941, ¶34.

{¶22} Thus, contrary to McCaffrey's assertion, Wells Fargo, as trustee, is an interested party under Civ.R. 17(A) with standing to bring this foreclosure action. Accordingly, because appellant's allegations, assuming they are true, failed to establish that Wells Fargo could not file suit, the trial court did not need to hold an evidentiary hearing on the matter.

6

**{¶23}** Appellant additionally claims that Wells Fargo violated various HUD regulations. However, appellant failed to raise this argument below.

**{¶24}** "'It is well-settled that appellate courts "do not consider questions not presented to the court whose judgment is sought to be reversed." *State ex rel. Porter v. Cleveland Dept. of Public Safety*, 84 Ohio St.3d 258, 259 * * * (1998) (* * *). This court has held that a party's failure to raise an issue at the trial court level acts as a waiver of the issue on appeal. *Sekora v. General Motors Corp.,* 61 Ohio App.3d 105 * * * (1989) (* * *).'" *Brown Bark v. Rubertino*, 11th Dist. Lake No. 2009-L-046, 2009-Ohio-5897, ¶22, quoting *Russin v. Shepherd*, 11th Dist. Geauga No. 2006-G-2708, 2007-Ohio-3206, ¶30. (Parallel citations omitted.)

**{¶25}** Because the trial court never had an opportunity to consider appellant's present HUD arguments, they are waived and cannot be considered for the first time on appeal.

**{¶26}** Appellant's first and second assignments of error are without merit.

**{¶27}** For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Portage County Court of Common Pleas is affirmed. It is ordered that appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.

TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only with a Concurring Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs in judgment only with a Concurring Opinion.

{¶28} I agree with the majority's decision to affirm the judgment of the trial court. However, regarding the jurisdictional issue, I would apply *Fed. Home Loan Mtge. Corp. v. Rufo*, 11th Dist. Ashtabula No. 2012-A-0011, 2012-Ohio-5930, based on the reasoning of my dissent in *HSBC Bank USA, N.A., v. Bailey*, 11th Dist. Trumbull No. 2012-T-0086, 2014-Ohio-246. Thus, I concur in judgment only.