WATSON, ADMX., v. WATSON ET AL.

*Executors and administrators—Sale of realty to pay debts—
Proceeding not set aside for misdescription of property,
when—Bid at judicial sale assignable—Fees of adminis-
tratrix and attorney not chargeable against mortgage
purchaser, when—Mortgage debt prior where proceeds
insufficient to discharge mortgages.*

1. In proceeding by administratrix to sell realty of estate to
   pay debts, misdescription of property in one distance as
   33-1/2 feet, instead of 33-1/3 feet, corrected on purchaser's
   motion for confirmation, would not justify setting aside
   an otherwise proper sale.
2. Bid at judicial sale is proper subject of assignment, and
   rights thereunder are capable of passing to assignee.
3. In sale of property by administratrix, fees of administratrix
   and her attorney cannot be charged as against mortgagee
   of property, who becomes purchaser at judicial sale, on
   that part of purchase money applicable to satisfaction
   of his mortgage.
4. Where purchase price of realty sold by administratrix at
   judicial sale was insufficient to discharge mortgages there-
   on, and mortgagee purchased property, fees of adminis-
   tratrix and her attorney were properly disallowed any
   priority over mortgage claims.

(Decided January 3, 1927.)

ERROR: Court of Appeals for Hamilton county.

*Mr. John A. Scanlon,* for plaintiff in error.
*Mr. Edward C. Lovett* and *Mr. H. H. Hosbrook,*
for defendants in error.

HAMILTON, J. This case originated in the pro-
bate court of Hamilton county, Ohio, and was an
action by the administratrix, plaintiff in error here,
to sell real estate to pay debts.

At the time the proceedings were had the German American Loan & Building Company had a first mortgage on the real estate, and Albert S. Wood held a second mortgage. At the judicial sale the holder of the second mortgage bid in the property. The order of sale was returned, and motion was made by the administratrix for a confirmation. Later she withdrew her motion for confirmation, and asked that the sale be set aside. Wood, the purchaser, thereupon moved for confirmation.

The motion to set aside the sale, made by the administratrix, was on account of a misdescription of the property, in that one distance was described as 33-1/2 feet instead of 33-1/3 feet. This description was corrected by the court when the motion came up for confirmation, on motion of the purchaser, and was not such a misdescription as would justify the setting aside of an otherwise proper sale.

Prior to the confirmation of the probate court, the purchaser, Wood, became the owner by assignment of the first mortgage of the German American Loan & Building Company, which assignment was duly filed in the case. Wood, the purchaser, thereupon became the owner of all the mortgage liens on the property, and these mortgage liens exceeded the amount bid for the property.

The probate court confirmed the sale to Wood, the mortgagee, and refused the allowance of fees to the administratrix and her attorney. The administratrix thereupon appealed the case to the court of common pleas. That court refused the allowance of these fees. While the case was pending in the court of common pleas, the purchaser,

Wood, assigned all of his interest in said mortgages and in his bid to Homer H. Hosbrook, which assignment was duly filed in the case, and Hosbrook was made a party.

Error is prosecuted from the judgment of the court of common pleas refusing the allowance of fees to the administratrix and her attorney to be taxed in the case.

It is claimed that these assignments were not made in good faith, but were made for the purpose of defeating the claim of the administratrix and her counsel to fees. The evidence in the case fails to support this claim. The record shows the proper assignments of the mortgages, and there is nothing to show that they were not made for full consideration.

The court has considered the question whether or not a bid at a judicial sale is a proper subject of assignment and the rights thereunder capable of passing to an assignee. That it is capable of such an assignment is recognized in the case of *Feike* v. *Cincinnati & Eastern Ry. Co.*, 3 C. C., 72. We see no good reason why it should not be subject to such an assignment, and, this having been recognized by the courts, we are of opinion that Hosbrook succeeded to the rights of Wood, as mortgagee, and of his rights and interests in and to the bid and purchase of the property at the judicial sale thereof.

The question then is: Can the administratrix's and her attorney's fees be charged as against a mortgagee, who becomes a purchaser at such judicial sale, on that part of the purchase money applicable to the satisfaction of his mortgage? That

the administratrix and her attorney are not entitled to so charge is settled in the cases of *Stone* v. *Strong,* 42 Ohio St., 53, and *Sherman* v. *Millard,* 6 C. C., (N. S.), 338.

It appearing that the purchase price of the real estate in question is insufficient to discharge the mortgages thereon, and that the owner of the mortgage liens is the purchaser thereof, the court of common pleas was correct in disallowing the administratrix's *per centum* and her attorney's fees priority over the mortgage claims.

*Judgment affirmed.*

Buchwalter, P. J., and Cushing, J., concur.