[Cite as *First Place Bank v. Hersh Constr., Inc.*, 2011-Ohio-1790.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| FIRST PLACE BANK | : | Julie A. Edwards, P.J. |
|  | : | William G. Hoffman, J. |
| Plaintiff-Appellee | : | Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : | Case No. 2010CA00074 |
|  | : |  |
|  | : |  |
| HERSH CONSTRUCTION, INC, et al. | : | O P I N I O N |
|  |  |  |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:     Civil Appeal from Stark County
Court of Common Pleas Case No.
2009-CV-00745

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     April 11, 2011

APPEARANCES:

For Plaintiff-Appellee                              For Defendant-Appellant

DAVID A. FREEBURG                              JEROME W. COOK
McFadden & Freeburg Co., L.P.A.                ERIN K. WALSH
1370 Ontario Street, Suite 600                    McDonald Hopkins LLC
Cleveland, Ohio  44113                            600 Superior Avenue, E., Suite 2100
                                                  Cleveland, Ohio  44114-2653

DAVID J. WOLFE, JR.
185 East Market Street
Warren, Ohio  44481-1102

*Edwards, P.J.*

{¶1} Defendant-appellant, Ohio Farmers Insurance Company, appeals from the March 5, 2010, and March 12, 2010, Judgment Entries of the Stark County Court of Common Pleas.

STATEMENT OF THE FACTS AND CASE

{¶2} On or about May 5, 2004, Northern Valley Contractors, Inc. executed a contract with Danbury Glen Estates, Inc. Pursuant to the terms of the contract, Northern Valley agreed to provide construction-related services for a private construction project which was known as Danbury Glen Estates Subdivision. Northern Valley specifically contracted to develop the streets and sanitary sewer system for the subdivision.

{¶3} On July 15, 2004, Danbury Glen Estates, Inc., through its President, John Hershberger, executed an open end mortgage and security agreement with Fifth Third Bank, the mortgagee. The mortgage stated that the borrower was indebted to Fifth Third Bank pursuant to "the Construction Loan and Security Agreement of even date herewith, by and between Borrower and Bank…" The mortgage was recorded in the Stark County Recorder's Office on July 29, 2004, at 2:23 p.m. and was assigned Instrument No. 200407290054653.

{¶4} On July 29, 2004, at 2:23 p.m., a Notice of Commencement under R.C. Section 1311.04 was recorded in the Stark County Recorder's Office as Instrument 20047290054658. John Hershberger, the President of Danbury Glen Estates, had signed the same on July 15, 2004. The Notice of Commencement stated, in relevant part, as follows: "Brief description of the improvements to be performed upon the property containing sufficient specificity to permit lien claimants to identify the

improvement: Development of 96 acres to be known as Phases I and II of Danbury Glen Estates Subdivision located in Hartville, Stark County, Ohio."

{¶5} Subsequently, on or about March 6, 2006, Danbury Glen Estates, Inc. conveyed 24 lots to Hersh Construction, Inc. To finance the purchase of the lots, Hersh Construction obtained a loan from appellee First Place Bank in the amount of $1,293,840.00. As security for the loan, Hersh Construction executed and delivered to appellee First Place Bank a mortgage interest in the lots. Such mortgage was recorded in the Stark County Recorder's Office on March 6, 2006. From the proceeds of the note, appellee First Place Bank paid off the Fifth Third Bank mortgage from Danbury Glen Estates, Inc.

{¶6} On February 28, 2007, Northern Valley Contractor's Inc., which had continued performing work on the Danbury Glen Subdivision project, filed a mechanic's lien. The lien was later assigned to appellant Ohio Farmers Insurance Company.

{¶7} On August 15, 2008, Danbury Glen Estates, Inc. filed a complaint against Northern Valley Contractor's Inc., (Stark County Common Pleas Court Case No. 2008 CV 03574) challenging the validity of the mechanic's lien. A Stipulated Judgment Entry was filed in such case on May 6, 2009. The Stipulated Judgment Entry stated, in relevant part, as follows:

{¶8} "2. The Ohio Rules of Civil Procedure 36 Admissions provided by Danbury Glen Estates, Inc., Danbury Glen Estates, LLC, and Hersh Construction, Inc., in response to the Joint Request for Admissions propounded to each Defendant by Northern Valley Contractors, Inc. ('NVC') and Defendant/Counterclaimant Ohio Farmers are incorporated herein by reference as factual stipulations, as if fully set forth herein,

(the 'Factual Stipulations').  These admissions have been contemporaneously filed with the Court as part of the record of this case and in support of this Stipulated Judgment Entry.

{¶9}    "3. Plaintiffs Danbury Glen Estates, Inc., Danbury Glen Estates, LLC, and Hersh Construction, Inc. stipulate that these Factual Stipulations shall be binding upon them, their successors and assigns, in any other proceeding and hereby waive any Rule 36(B) objections to the contrary.

{¶10}  "4. Plaintiffs Danbury Glen Estates, Inc., Danbury Glenn Estates, LLC, and Hersh Construction, Inc. stipulate that Defendant/Counterclaimant Ohio Farmers may file this Stipulated Judgment in any other proceeding as res judicata concerning the Factual Stipulations and the matters of the debt owed by the parties as set forth herein and relevant to the validity of Defendant NVC's Mechanic's Lien (see below) and Ohio Farmers' rights thereunder.

{¶11}  "6. The Mechanic's Lien, recorded in the name of NVC on February 28, 2007, as Stark County Instrument No. 200702280010773, is declared to be a valid and subsisting lien upon all of the land described therein (the 'Mechanic's Lien').  The effective date of the Mechanic's Lien is July 29, 2004, 2:23:10 P.M., the time and when the Notice of Commencement was recorded as Stark County Recorder's Instrument No. 200407290054658.  Ohio Farmers is hereby declared the sole owner of the Mechanic's Lien."

{¶12} Thereafter, on February 23, 2009, appellee First Place Bank filed a complaint in foreclosure, seeking, in part, to foreclose on its mortgage. Appellee First Place, in its complaint, alleged that it held the first and best lien on 19 lots of real

property located in the Danbury Glen Estates Subdivision. After its Motion to Intervene was granted, appellant Ohio Farmers Insurance Company, on April 17, 2009, filed an answer and affirmative defenses. Appellant, in its affirmative defenses, alleged that its "Mechanic's Lien was timely recorded and served pursuant to Ohio R.C. [Section] 1311.06 and [Section] 1311.07, and its effective date related back to the date of the recording of the Notice of Commencement, which was July 29, 2004. Thus, Ohio Farmer's Mechanic's Lien constitutes the first and best lien on the real property with priority over all other liens that are the subjects of Plaintiff's Complaint."

{¶13} Appellant Ohio Farmer Insurance Company filed a Motion for Summary Judgment on February 17, 2010. Appellant, in its motion, argued that its mechanic's lien was a valid and subsisting first and best lien on the property. On the same day, appellee First Place Bank filed a Motion for Summary Judgment arguing, in part, that its mortgage was entitled to priority.

{¶14} Pursuant to a Judgment Entry filed on March 5, 2010, the trial court granted appellee's Motion for Summary Judgment while overruling that filed by appellant. The trial court held that that the mortgage held by appellee was superior to the mechanic's lien held by appellant. A Judgment Entry and Decree in Foreclosure was filed on March 12, 2010.

{¶15} Appellant now raises the following assignments of error on appeal:

{¶16} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT OHIO FARMERS INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND FAILED TO CONFER PRIORITY TO APPELLANT'S OHIO R.C. §1311.13(F).

{¶17} "II. THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT TO APPELLEE FIRST PLACE BANK WHEN IT DETERMINED THAT APPELLEE'S MORTGAGE WAS ENTITLED TO PRIORITY OVER APPELLANT'S MECHANIC'S LIEN PURSUANT TO OHIO R.C. §1311.14.

{¶18} "III. THE TRIAL COURT ERRORNEOUSLY (SIC) ASSIGNED A JUNIOR PRIORITY STATUS TO APPELLANT'S MECHANIC'S LIEN AND A SENIOR, FIRST AND BEST LIEN PRIORITY TO FIRST PLACE'S MORTGAGE IN THE MARCH 12, 2010 JUDGMENT ENTRY AND DECREE OF FORECLOSURE."

I, II

{¶19} Appellant, in its first and second assignments of error, argues that the trial court erred when it overruled appellant's Motion for Summary Judgment and granted summary judgment to appellee, holding that appellee's mortgage was entitled to priority over appellant's mechanic's lien pursuant to R.C. 1311.14. We disagree.

{¶20} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part: "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds

can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * * ”

**{¶21}** Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 1997-Ohio-259, 674 N.E.2d 1164, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264.

**{¶22}** At issue in the case sub judice is whether or not appellant Ohio Farmer's Insurance Company mechanic's lien has priority over the mortgage lien held by appellee First Place Mortgage.

**{¶23}** Appellant, in his brief, argues that R.C. 1311.13(A)(2) applies and that the trial court erred in failing to confer priority to appellant's mechanic's lien "as mandated by Ohio R.C. 1311.13(F)."

**{¶24}** R.C. 1311.13(A)(2) states as follows: "(2) Except as provided in division (A)(3) of this section, liens under sections 1311.01 to 1311.22 of the Revised Code for labor or work performed or materials furnished after the recording of a notice of

commencement pursuant to section 1311.04 of the Revised Code are effective from the date of the recording of the notice of commencement." In turn, R.C. 1311.13(F) provides that "[l]iens which have an effective date described in division (A)(2) of this section shall be preferred to all other titles, liens, or encumbrances which may attach to or upon such improvement or to or upon the land upon which it is situated, which either are given or recorded subsequent to the recording of the notice of commencement." Thus, if R.C. 1311.13(A)(2) applied, the mechanic's lien, with effective date of July 29, 2004, (the date the Notice of Commencement was filed) would have priority over the mortgage lien held by appellee First Place Mortgage, which was recorded on March 6, 2006.

{¶25} Appellee's position is that R.C. 1311.14, not R.C. 1311.13 applies in the case sub judice. Where a mortgagee substantially adheres to the provisions of R.C. 1311.14, it serves to negate R.C. 1311.13, and give priority to an after-recorded mortgagee. *Highland Sav. Ass'n. v. Clinton Constr. Co.* (June 28, 1976), Clinton County App. No. 311, 1976 WL 189219. See also *Barr v. Masterpiece Homes* (July 21, 1994), Cuyahoga App. No. 65835, 1994 WL 385998. See also R.C. 1311.14(C) which states that '[t]his section, as to mortgages contemplated by this section controls over all other sections of the Revised Code relating to mechanic's … and all liens that can be had under this chapter." R.C. 1311.14, the construction mortgage statute, thus controls when a construction mortgage is at issue.

{¶26} R.C. 1311.14, the construction mortgage statute, gives a construction mortgage priority over mechanic's liens although the mortgage was recorded

subsequent to the effective date of the mechanic's liens. *Guernsey Bank v. Milano Sports Enters*, LLC, 177 Ohio App.3d 314, 2008-Ohio-2420, 894 N.E.2d 715.

**{¶27}** R.C. 1311.14(A) states as follows:  "Except as provided in this section, the lien of a mortgage given in whole or in part to improve real estate, or to pay off prior encumbrances thereon, or both, the proceeds of which are actually used in the improvement in the manner contemplated in sections 1311.02 and 1311.03 of the Revised Code, or to pay off prior encumbrances, or both, and which mortgage contains therein the correct name and address of the mortgagee, together with a covenant between the mortgagor and mortgagee authorizing the mortgagee to do all things provided to be done by the mortgagee under this section, shall be prior to all mechanic's, material supplier's, and similar liens and all liens provided for in this chapter that are filed for record after the improvement mortgage is filed for record, to the extent that the proceeds thereof are used and applied for the purposes of and pursuant to this section. Such mortgage is a lien on the premises therein described from the time it is filed for record for the full amount that is ultimately and actually paid out under the mortgage, regardless of the time when the money secured thereby is advanced." (Emphasis added).  While appellant contends that R.C. 1311.14 "contemplates that only mortgages given towards the completion of improvements are entitle to priority," as noted by appellee, the language in R.C. 1311.14 allows mortgages which pay off prior encumbrances to obtain priority over after recorded mechanic's liens.

**{¶28}** As noted by the court in *Guernsey,* "Thus, a mortgage used to finance improvements or pay off prior encumbrances in compliance with R.C. 1311.14 has

priority over any mechanic's liens, even if the mortgage is filed after the first visible work or labor is performed or the first materials are furnished." Id at paragraph 57.

{¶29} In the case sub judice, appellee First Place's Mortgage was recorded on March 6, 2006, whereas appellant's mechanic's lien was filed for record on February 28, 2007. Appellee First Place's Mortgage was, therefore, filed for record prior to the mechanic's lien. Appellant argues that the mechanic's lien, however, had an effective date of July 29, 2004.

{¶30} Appellant claims that we must determine whether or not appellee Fifth Third Bank's mortgage or appellant's mechanic's lien was filed for record first.[1] Appellant contends that even if appellee First Place Mortgage was entitled to R.C. 1311.14 priority, "it could only be superior to Ohio Farmer's Mechanic's Lien if the prior encumbrance (i.e., the Fifth Third Mortgage) was recorded earlier than the NOC [Notice of Commencement]." Assuming arguendo that this is a relevant consideration, we shall address which was filed first. The Fifth Third Bank mortgage was recorded in the Stark County Recorder's Office on July 29, 2004 at 2:23 p.m. and was assigned Instrument No. 200407290054653. The Notice of Commencement upon which the mechanic's lien is based was filed on July 29, 2004 at 2:23 p.m. and was recorded in the Stark County Recorder's Office as Instrument 20047290054658, which is a higher number.

{¶31} R.C. 317.12 states, in relevant part, as follows: "Upon the presentation of a deed or other instrument of writing for record, the county recorder shall indorse thereon the date, the precise time of its presentation, and a file number. Such file numbering shall be consecutive and in the order in which the instrument of writing is

---

[1] We note that appellant, at the oral argument in this case, conceded that if we would find that the Fifth Third Bank Mortgage was filed first, appellant would lose his appeal.

received for record, except financing statements, which shall have a separate series of file numbers and be filed separately, as provided by sections 1309.501 to 1309.527 of the Revised Code." (Emphasis added). R.C. 317.13 provides, in relevant part, as follows: "(A) Except as otherwise provided in division (B) of this section, the county recorder shall record in the proper record, in legible handwriting, typewriting, or printing, or by any authorized photographic or electronic process, all deeds, mortgages, plats, or other instruments of writing that are required or authorized by the Revised Code to be recorded and that are presented to the recorder for that purpose. The recorder shall record the instruments in regular succession, according to the priority of presentation, and shall enter the file number at the beginning of the record. On the record of each instrument, the recorder shall record the date and precise time the instrument was presented for record."

{¶32} Pursuant to such sections, "the county recorder has the ministerial duty of recording instruments in regular succession, according to the priority of presentation, giving each instrument a file or transaction number, awarded in consecutive order, and noting the date and precise time the instrument was presented for record." Ohio Attorney General Opinion 99-014 at 7.

{¶33} "Ohio law does not make either the time stamp or the file or transaction number placed on an instrument presented for record pursuant to RC 317.12 and 317.13 conclusive for purposes of determining priorities among recorded instruments." Id. As noted by Ohio Attorney General under the statutes, it appears that, if the date and time on two or more instruments are the same, the one with the lower transaction number will have been stamped first. As a general principle, the information endorsed

by the recorder may be considered prima facie evidence of the time and order of filing. Should a controversy arise in a particular case, however, the parties may be permitted to present evidence to show that the "instruments were in fact presented for filing at a different time or in a different order than is reflected in the date and time stamps or the transaction numbers given the instruments by the county recorder pursuant to R.C. 317.12 and R.C. 317.13." Id. at 6-7.

{¶34} As is stated above, the Fifth Third mortgage was recorded in the Stark County Recorder's Office on July 29, 2004, at 2:23 p.m. and was assigned Instrument No. 200407290054653 and, on the same date and at the same time, the Notice of Commencement was recorded in the Stark County Recorder's Office as Instrument 20047290054658. Thus, the Fifth Third Mortgage was filed first. Appellant has not presented any evidence "that the instruments were in fact presented for filing at a different time or in a different order." We find, therefore, that the Fifth Third mortgage was a "prior encumbrance" on the property that was filed prior to the mechanic's lien.

{¶35} The question thus becomes whether or not appellee First Place's mortgage was used to pay off a "prior encumbrance."

{¶36} In the case sub judice, the undisputed evidence shows that $1,245,650.00 of appellee First Place Bank's mortgage was used to pay off the Fifth Third Bank mortgage. The HUD-1 Settlement statement for appellee First Place's mortgage, which is attached to appellee's Motion for Summary Judgment as Exhibit P, and the Loan Payoff from Fifth Third, which is attached to appellee's Motion for Summary Judgment as Exhibit Q, show that $1,245,650.00 of the First Place mortgage was used to pay-off the Fifth Third mortgage. As noted by the trial court, appellant failed to present any

evidence that such pay off did not occur. The Fifth Third Bank mortgage was a construction loan against the subject property. As is stated above, the mortgage specifically stated on its face the borrower was indebted to Fifth Third Bank pursuant to "the Construction Loan and Security Agreement…" On the Notice of Commencement, Fifth Third Bank is identified as providing financing for improvements to the Danbury Glen Estates project.

{¶37} Based on the foregoing, we find that the Fifth Third Bank mortgage was a prior encumbrance on the property and was also filed prior to the mechanic's lien and that appellee First Place Bank mortgage was used to pay off the same. We further find that, therefore, the trial court did not err in holding that appellee First Place Bank's mortgage had priority over appellant's mechanic's lien and in granting summary judgment in favor of appellee while overruling appellant's Motion for Summary Judgment.

{¶38} In short, upon our review of the record, we find that the trial court did not err in granting summary judgment in favor of appellee First Place Bank. We concur with the trial court that the record establishes that appellee has met the requirements set forth in R.C. 1311.14 and is entitled to the benefit of R.C. 1311.14 and that its mortgage takes priority over appellant's mechanic's lien.

{¶39} Appellant's first and second assignments of error are, therefore, overruled.

III

{¶40} Appellant, in its third assignment of error, argues that the trial court erred, in its March 12, 2010 Judgment Entry and Decree of Foreclosure, in assigning a junior

priority status to appellant's mechanic's lien and a senior, first and best lien priority to appellee's mortgage.

{¶41} This Court, in addressing appellant's first and second assignments of error, held that the trial court did not err in holding that appellee's mortgage had priority over appellant's mechanic's lien. We find, therefore, that the trial court did not err when, in its March 12, 2010 Judgment Entry and Decree of Foreclosure, it assigned a lower priority status to appellant's mechanic's lien.

{¶42} Appellant's third assignment of error is, therefore, overruled.

{¶43} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.


By: Edwards, P.J.

Hoffman, J. and

Delaney, J. concur

_____

_____

_____

JUDGES

JAE/d1015

[Cite as *First Place Bank v. Hersh Constr., Inc.*, 2011-Ohio-1790.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| FIRST PLACE BANK | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HERSH CONSTRUCTION, INC., et al. | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010CA00074 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES