[Cite as *First Place Bank v. Ohio Farmers Ins. Co.*, 2011-Ohio-4077.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


FIRST PLACE BANK

     Plaintiff-Appellee

-vs-

OHIO FARMERS INSURANCE
COMPANY

    Intervening Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 2011 CA 00009


O P I N I O N


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Case No. 2009 CV 00745


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      August 15, 2011


APPEARANCES:

For Plaintiff-Appellee

DAVID A. FREEBURG
MCFADDEN & FREEBURG CO., LPA
1370 Ontario Street, Suite 600
Cleveland, Ohio 44115

DAVID J. WOLFE, JR.
185 East Market Street
Warren, Ohio 44481-1102

For Intervening Defendant-Appellant

JEROME W. COOK
ERIN K. WALSH
MCDONALD HOPKINS LLC
600 Superior Avenue East
Suite 2100
Cleveland, Ohio 44114-2653

*Wise, J.*

**{¶1}** Appellant Ohio Farmers Insurance Company appeals the decision of the Court of Common Pleas, Stark County, which issued a confirmation of sale judgment entry and amended conformation of sale judgment entry in an action by Appellee First Place Bank to pursue foreclosure on certain lots in a residential real estate development known as "Danbury Glen Estates" in Hartville, Ohio. Appellant Ohio Farmers Insurance has throughout the case challenged the priority of Appellee First Place's mortgages based on a mechanic's lien presently held by Appellant. The relevant facts leading to this appeal are as follows.

**{¶2}** In May 2004, Northern Valley Contractors, Inc. executed a contract with Danbury Glen Estates, Inc., under the terms of which Northern Valley agreed to provide construction-related services on the streets and sanitary sewer system for the subdivision. On July 29, 2004, John Hershberger, acting as president of Danbury Glen Estates, Inc., filed with the Stark County Recorder a notice of commencement for improvements to real property under R.C. 1311.04. At the time, Danbury Glen Estates, Inc. was the owner of the development real estate described in the affidavit for mechanic's lien. On the same day, a mortgage between Danbury Glen Estates, Inc. and Fifth Third Bank, as mortgagee, was recorded in the Stark County Recorder's Office.

**{¶3}** Subsequently, on or about March 6, 2006, Danbury Glen Estates, Inc. conveyed 24 lots to Hersh Construction, Inc. To finance the purchase of the lots, Hersh Construction obtained a loan from appellee First Place Bank in the amount of $1,293,840.00. As security for the loan, Hersh Construction executed and delivered to appellee First Place Bank a mortgage interest in the lots. Such mortgage was recorded

in the Stark County Recorder's Office on March 6, 2006. From the proceeds of the note, appellee First Place Bank paid off the Fifth Third Bank mortgage from Danbury Glen Estates, Inc.

{¶4}  On February 28, 2007, Northern Valley Contractors Inc., which had continued performing work on the Danbury Glen Subdivision project, filed a mechanic's lien. The lien was later assigned to appellant Ohio Farmers Insurance Company.

{¶5}  On August 15, 2008, Danbury Glen Estates, Inc. filed a complaint against Northern Valley Contractor's Inc. in a separate case, namely Stark County Common Pleas Court Case No. 2008 CV 03574, in which Danbury challenged, inter alia, the validity of the Northern Valley mechanic's lien. A Stipulated Judgment Entry was filed in that case on May 6, 2009, including the following finding:

{¶6}  "6. The Mechanic's Lien, recorded in the name of NVC on February 28, 2007, as Stark County Instrument No. 200702280010773, is declared to be a valid and subsisting lien upon all of the land described therein (the 'Mechanic's Lien'). The effective date of the Mechanic's Lien is July 29, 2004, 2:23:10 P.M., the time and when the Notice of Commencement was recorded as Stark County Recorder's Instrument No. 200407290054658. Ohio Farmers is hereby declared the sole owner of the Mechanic's Lien."

{¶7}  On February 23, 2009, in the case sub judice, Appellee First Place Bank filed a complaint in foreclosure. Appellee therein alleged that it held the first and best lien on 19 lots of real property located in the Danbury Glen Estates Subdivision. Appellant Ohio Farmers Insurance Company obtained leave to intervene, and on April 17, 2009 filed an answer. In its affirmative defenses, Appellant Ohio Farmers alleged

that its "Mechanic's Lien was timely recorded and served pursuant to Ohio R.C. [Section] 1311.06 and [Section] 1311.07, and its effective date related back to the date of the recording of the Notice of Commencement, which was July 29, 2004. Thus, Ohio Farmer's Mechanic's Lien constitutes the first and best lien on the real property with priority over all other liens that are the subjects of Plaintiff's Complaint."

{¶8}   Each side thereafter filed motions for summary judgment. Pursuant to a judgment entry filed on March 5, 2010, the trial court granted appellee's motion for summary judgment while overruling that filed by appellant. The trial court particularly held that the mortgage held by appellee was superior to the mechanic's lien held by appellant. A Judgment Entry and Decree in Foreclosure was filed on March 12, 2010.

{¶9}   Appellant thereupon timely appealed to this Court. Its notice of appeal was filed April 1, 2010. However, appellant did not file a motion to stay execution of the March 5, 2010 judgment entry or the March 12, 2010 decree of foreclosure.

{¶10} On April 11, 2011, this Court affirmed, concluding that appellee's mortgage takes priority over appellant's mechanic's lien. See *First Place Bank v. Hersh Construction, et al.*, Stark App.No. 2010CA00074, 2011-Ohio-1790, ¶ 38, ¶ 43.

{¶11} While the appeal was pending, however, several developments occurred in the trial court. On July 19, 2010, the trial court issued an order of sale to the Stark County Sheriff. Appellant did not file a motion to stay execution of this order of sale.

{¶12} On August 30, 2010, appellee filed a notice of sheriff's sale, setting the sale for September 27, 2010. This notice was served on all parties. Appellant again did not file a motion to stay the sheriff's sale. On September 27, 2010, the Sheriff filed a return of sale stating that the property had been sold to appellee for $600,000.00.

{¶13} On December 16, 2010, the trial court issued a confirmation of sale order. Appellant filed a motion to stay distribution of proceeds on January 3, 2011. The trial court denied same on January 5, 2011. On January 6, 2011, the trial court issued an amended confirmation of sale order. Appellant filed a motion to stay distribution on January 11, 2011. The trial court denied same on January 18, 2011.

{¶14} On January 11, 2011, (while the prior appeal was still pending), Appellant Ohio Farmers filed a notice of appeal. It amended its notice of appeal on January 14, 2011 to include the original confirmation order of December 16, 2010.

{¶15} Appellant herein raises the following sole Assignment of Error:

{¶16} "I. THE TRIAL COURT ERRED WHEN IT DID NOT TIMELY NOTIFY APPELLANT OF THE FINAL APPEALABLE ORDERS PURSUANT TO OHIO RULE OF CIVIL PROCEDURE 58(B) THUS DEPRIVING APPELLANT OF FUNDAMENTAL DUE PROCESS RIGHTS."

I.

{¶17} In its sole Assignment of Error, Appellant Ohio Farmers Insurance contends the trial court erred in failing to timely serve appellant with the two final confirmation orders under Civ.R. 58. We disagree.

{¶18} Ohio Constitution Art. IV, § 3(B)(2), reads in pertinent part: "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Appellant's fundamental argument in this matter is unusual in that it claims an error was committed by the clerk of courts, rather than by the trial court itself within the confirmation entries under appeal. In other words,

appellant's challenge to the clerk of court's purported failure to serve the two confirmation entries upon appellant raises no error within the four corners of each entry, the purpose of which is to determine that the Sheriff properly carried out the prior execution of sale order. It is undisputed that each confirmation entry in this instance duly contains Civ.R. 54(B) language and a directive from the trial court to the clerk of courts to serve the entry on all appearing parties. Furthermore, "[d]ue process does not require the court records to be the only source of notice." *McCarthy v. Lippitt*, Monroe App.No. 04-MO-1, 2004-Ohio-5367, ¶ 28. Instead, due process requires notice in general. Id. Appellant herein concedes that it monitored the docket upon its own volition and thereby was aware that the confirmation of sale had occurred. See Appellant's Brief at 3.

{¶19} Accordingly, we find no cognizable error by the trial court, prejudicial to appellant, under the facts and circumstances of this case. The sole Assignment of Error is overruled.

{¶20} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.

By: Wise, J.
Gwin, P. J., and
Delaney, J., concur.

_____

_____

_____

                                        JUDGES

JWW/d 0718

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

FIRST PLACE BANK                          :
                                          :
    Plaintiff-Appellee                    :
                                          :
-vs-                                      :              JUDGMENT ENTRY
                                          :
OHIO FARMERS INSURANCE                    :
COMPANY                                   :
                                          :
    Intervening Defendant-Appellant       :       Case No. 2011 CA 00009

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to appellant.

_____

_____

_____

JUDGES