[Cite as *Green Tree Servicing, L.L.C. v. Barcroft*, 2014-Ohio-2286.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Green Tree Servicing, LLC, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-1009 |
| | | (C.P.C. No. 10CVE09-14313) |
| Kyle Barcroft, | : | |
| Defendant-Appellee, | : | (REGULAR CALENDAR) |
| (Katlyn Barcroft, | : | |
| Defendant-Appellant). | : | |

D E C I S I O N

Rendered on May 29, 2014

*John D. Clunk Co., LPA, Thomas J. Tumlin, Robert R. Hoose* and *Charles V. Gasior*, for appellee.

*Law Office of W. Blair Lewis, LLC,* and *W. Blair Lewis*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Kyle and Katlyn Barcroft are appealing from various rulings entered in their foreclosure case. They assign three errors for our consideration:

> 1. The trial court erred in denying defendant/appellant's motion to vacate the sheriff's sale.
>
> 2. The trial court erred in denying defendant/appellant's motion to vacate the court's confirmation of sale.
>
> 3. The trial court erred in denying defendant/appellant's motion for an order compelling plaintiff/appellee to provide a redemption balance.

{¶ 2}   Green Tree Servicing, LLC ("Green Tree") filed a foreclosure action with respect to property in Hilliard, Ohio.  Judgment was obtained in September 2011, and the property was scheduled for a sheriff's sale on January 20, 2012.  Katlyn's mother, Kathryn McGinnis, came to the site of the sheriff's sale hoping to redeem the property.  McGinnis was told by a staff attorney for the judge assigned to the case that Green Tree had moved to withdraw the sale, and an entry granting that motion in fact was signed at 9:06 a.m.

{¶ 3}   The sheriff's sale proceeded anyway, and a series of entries confirming the sheriff's sale and vacating the sale were journalized.  Green Tree was the successful bidder.  A "final" amended order of confirmation was journalized on May 9, 2013.  While the confirmation issues were being addressed, Green Tree assigned its interests in the subject property to Federal National Mortgage Associates ("Fannie Mae") on March 5, 2012.  Additionally, while the confirmation issues were addressed the Barcrofts had the opportunity to redeem the property.

{¶ 4}   There seems to be no doubt that the trial court judge assigned to the case signed an entry withdrawing the property from sheriff's sale prior to the sale occurring.  According to McGinnis' affidavit, the judge's staff attorney handed her an entry withdrawing the property from the sheriff's sale that was time stamped 9:06 a.m.  Affidavit, at ¶ 7.  McGinnis stated that the staff attorney assured her that the court called to stop the sheriff's sale and sent a runner to hand deliver a copy of the entry before he handed McGinnis her copy.  Affidavit at ¶ 7.  According to McGinnis, when she left the courthouse, she believed the sale had been halted.  However, for unknown reasons, the sheriff's sale went forward.

{¶ 5}   A few weeks later, McGinnis called Green Tree to obtain a redemption balance and learned for the first time that the Barcroft's home sold at the sheriff's sale.  Affidavit, at ¶ 10.  During the call, McGinnis was told that her daughter would still have an opportunity to redeem her property.  Affidavit, at ¶ 11.  McGinnis contacted both Green Tree and Fannie Mae several times a month after January 20, 2012 requesting a payoff balance.  Affidavit, at ¶ 12-13.  McGinnis was never given a payoff balance.  Affidavit, at ¶ 15.  McGinnis had the funds to pay off the balance due but allegedly could never get a straight answer about how much was due.

{¶ 6}   Eventually, a different trial court judge entered an amended confirmation of sale on May 9, 2013.  No one appealed the order confirming the sale within 30 days of that order being journalized.    Apparently, the Barcrofts waited until they were facing eviction to retain counsel.

{¶ 7}   On September 18, 2013, Barcrofts' counsel filed a motion to stay setout pending the filing of a Civ. R. 60(B) motion for relief from judgment.  Counsel anticipated filing a Civ.R. 60(B) motion within ten days.  Fannie Mae filed a memorandum in opposition claiming the motion was untimely because Barcroft had nearly two years from the original September 29, 2011 entry of default judgment to consummate a workout or to file a motion for relief from judgment.  A different trial court judge from the one who confirmed the sale denied Barcroft's motion to stay on September 23, 2013.

{¶ 8}   On September 24, 2013, the Barcrofts filed a motion to vacate the sheriff's sale, a motion to vacate the amended confirmation of sale, and a motion to order Green Tree to provide a redemption balance.  None were literally a Civ.R. 60(B) motion, although counsel had earlier filed a motion for leave to file a Civ.R. 60(B) motion that was denied by the trial court.  At most we could construe the motion to vacate the confirmation of sale as a form of a Civ.R. 60(B) motion.

{¶ 9}   The trial court's decision and entry of October 31, 2013 denied the motion to vacate the sheriff's sale and the amended confirmation of sale.  The trial court also denied the request for an order to provide a redemption balance.  It is from that entry that the Barcroft's filed their notice of appeal.

{¶ 10} The amended confirmation of sale on May 9, 2013 was a final appealable order.  Therefore, the Barcrofts are time barred for a direct appeal of the confirmation of sale.

{¶ 11} Assuming for purposes of this appeal that the motion to vacate the sheriff's sale and to vacate the amended confirmation of sale can be construed as a motion to vacate a judgment pursuant to Civ.R. 60(B), there was no abuse of discretion in the trial court's decision to deny the motion.

{¶ 12} To prevail on a motion to vacate a judgment pursuant to Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R.

60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.  Our standard of review of a court's decision as to whether to grant a Civ.R. 60(B) motion is an abuse of discretion.  *Id.* at 148.

{¶ 13} In his brief on behalf of the Barcrofts, their counsel argues that the sheriff's sale was a nullity because the order of sale had been withdrawn before the sale occurred. This argument, while perhaps meritorious, should have been raised prior to the confirmation of sale.  By their own admission, McGinnis and the Barcrofts knew the property had been sold at the sheriff's sale a few weeks after January 20, 2012, but they made no effort to vacate the sale or redeem the property even after Green Tree had moved to vacate an earlier judgment entry confirming the sale to allow the Barcrofts an opportunity to redeem the property.  Each time the trial court vacated the confirmation of sale at Green Tree's request, the Barcrofts had the opportunity to redeem the property. Given the lapse of time between the Barcrofts learning of the sheriff's sale and the amended confirmation of sale, the Barcrofts simply waited too long to pursue their legal options. The same analysis applies to the request for an order compelling Green Tree to provide a pay off balance.  The time for seeking to vacate the sheriff's sale, to vacate the confirmation of the sale, and to obtain an order compelling Green Tree to provide a pay off balance expired when the time for filing an appeal from the May 9, 2013 amended order of confirmation of sale expired.  The Barcrofts have not provided any reason for their delay.  Therefore, the trial court did not abuse its discretion in denying the Barcrofts' motions.

{¶ 14} The three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, P.J., and O'GRADY, J., concur.