[Cite as *Sky Bank v. Colley*, 2016-Ohio-3139.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Sky Bank, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 15AP-736 |
| | | (C.P.C. No. 06CV-1244) |
| Michael F. Colley et al., | : | |
| Defendants-Appellees, | : | (REGULAR CALENDAR) |
| [James M. Ryan, | : | |
| Defendant-Appellant]. | : | |
| Edward F. Whipps, Trustee, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 15AP-737 |
| | | (C.P.C. No. 05CV-11685) |
| James M. Ryan, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on May 24, 2016

**On brief:** *Brian S. Piper Co. L.P.A.*, and *Brian S. Piper*, for appellees Joe Hakim, Metro Properties, Inc., and 195 E. Main St. LLC. **Argued:** *Brian S. Piper*.

**On brief:** *James M. Ryan*, pro se.

APPEALS from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1}  Defendant-appellant, James M. Ryan, appeals from an order of the Franklin County Court of Common Pleas confirming a judicial sale of real property and ordering execution of the deed and distribution of proceeds in this foreclosure action.

## I.  Facts and Procedural History

{¶ 2}  The trial court has twice attempted to confirm the judicial sale of a property whose foreclosure dates to 2007 and whose sale pursuant to foreclosure dates to 2011. Each time Ryan has interrupted the process with unsuccessful intervening appeals to this court and the Supreme Court of Ohio.  On remand from our most recent decision, the trial court attempted yet again to confirm sale by amending its prior entries to reflect an assignment of the original purchaser's interest to a successor and to reflect the ever-increasing tax lien accruing on the property.  *Whipps v. Ryan*, 10th Dist. No. 14AP-67, 2014-Ohio-5302.

{¶ 3}  Ryan again seeks to delay the inevitable with another appeal.  To avoid unnecessary reiteration of the factual context and procedural history of the matter, we incorporate by reference the pertinent passages in *Ryan* ¶ 2-19.  That decision affirmed judgments of the common pleas court that confirmed the sale of the affected property and, in a companion case, approved a receiver's final report and dismissed certain claims and counterclaims among various parties.  *Id.* at ¶ 48.

{¶ 4}  The present appeal concerns only the trial court's latest attempt to finalize the sale of the property.  The trial court first attempted to confirm sale of the property on May 17, 2012.  On July 6, 2012, the court amended its confirmation order.  After remand from *Ryan*, on July 7, 2015, the trial court entered its second amended confirmation of sale, giving rise to this appeal.

## II.  Assignments of Error

{¶ 5}  Ryan appeals and asserts four assignments of error for our review:

> [I.] The Trial Court erred and abused its discretion by issuing and docketing its July 7, 2015 Judgment Entry titled Second Amended Entry Confirming Sale of 185, 193, 195, 203, 205 E. Main Street, Columbus, Ohio and Ordering Deed and Distribution * * * as the Trial Court was without jurisdiction to order and docket said Judgment Entry making it void ab initio.

[II.] The Trial Court erred and abused its discretion by recognizing the Assignment dated May 5, 2015 * * * and in accordance therewith identifying 195 East Main Street LLC as the Purchaser in the Second Amended Entry Confirming Sale of 185, 193, 195, 203, 205 E. Main Street, Columbus, Ohio and Ordering Deed and Distribution * * * as the Trial Court is without jurisdiction and subject-matter jurisdiction to order a change of purchaser by assignment or otherwise.

[III.] The Trial Court erred, abused its discretion and lacked jurisdiction to consider and grant Plaintiff's motion and docketing the Second Amended Entry Confirming Sale of 185, 193, 195, 203, 205 E. Main Street, Columbus, Ohio and Ordering Deed and Distribution * * * as the motion and Trial Court proceedings related thereto did not meet Ohio Civil Rule 4 & 5(B)(2), (3) & (4), thereby damaging Appellant and violating his rights to Due Process as protected by the Fourteenth Amendment of the United States Constitution and Article 1, Section 16 of the Ohio Constitution.

[IV.] The Trial Court erred in docketing its Stipulated Entry for Substitution of Party dated June 25, 2015.

## III. Discussion

{¶ 6} Confirmation of judicial foreclosure sales in Ohio is governed by R.C. 2329.31, which provides that, if the common pleas court finds that the sale was made in conformity with R.C. Chapter 2329, the court will direct distribution of the proceeds and order that the purchaser receive the deed for the subject property. " 'Whether a judicial sale should be confirmed or set aside is within the sound discretion of the trial court.' " *Ohio Savings Bank v. Ambrose*, 56 Ohio St.3d 53, 55 (1990), quoting *Michigan Mtge. Corp. v. Oakley*, 68 Ohio App.2d 83 (12th Dist.1980). A court of appeals will reverse confirmation of sale by the trial court only where the trial court has abused its discretion. *Id.* The public policy of Ohio is to promote the finality of judicial sales and lend some certainty to the judicial process of foreclosure. *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, ¶ 23.

{¶ 7} Ryan's first assignment of error argues that for two reasons the trial court lacked jurisdiction to enter the second amended entry confirming sale. He first asserts that, because the clerk of the trial court had entered a docket notation terminating the case during the pendency of a prior appeal to this court, the trial court had no authority to revisit the merits and enter a revised confirmation order. He then asserts that the trial

court's 2012 first amended order of confirmation was a final appealable order, as demonstrated by the ensuing appeal to this court, and could not be altered without due filing and consideration of a Civ.R. 60(B) motion for relief from judgment.

{¶ 8} With respect to the docket notation, Ryan points out that on January 14, 2014, the trial court entered an order dismissing for failure to prosecute Ryan's various cross-claims and third-party complaints against other parties. This order does not reference the as-yet-unfinalized judicial sale or other ongoing aspects of the case, but does state that it is a final appealable order. The clerk's docket sheet reflects entry of this order with the notation "terminate case." Ryan argues that these filings indicate that the case was completely terminated and the trial court lacked jurisdiction to proceed further and again attempt to confirm the sale.

{¶ 9} Ryan's reliance on the clerk's "terminate case" notation as some indication of finality is unfounded. The clerk's ministerial practice of noting cases as terminated during a purely interlocutory appeal does not affect the actual status of the case or the jurisdiction of the trial court. Second, at the time the court put on this entry disposing of various claims for failure to prosecute, the matter was still pending on other issues before this court on appeal. The trial court (and even less the clerk of court) would not have been the final arbiter of termination of the case.

{¶ 10} As to the court's continuing jurisdiction to amend its previous entry confirming sale of the property, we agree with Ryan that ordinarily a trial court may not revisit its own final judgment. *Anderson v. Consumer Portfolio Servs.*, 10th Dist. No. 12AP-339, 2012-Ohio-4380, ¶ 7 ("Other than a judgment that is void ab initio for lack of jurisdiction, a court has no authority to vacate or modify its final orders other than as set forth under Civ.R. 60(B)."). We further find, however, that, on the facts of this case, this generally hard-and-fast rule does not apply to amendment of orders confirming judicial sale in foreclosure proceedings, particularly when the delay that necessitates the amendment is caused by the party opposing enforcement of the prior confirmation of sale.

{¶ 11} Moreover, we have addressed the trial court's first attempt to amend the confirmation of sale in this case in our prior decision in *Ryan* and found no error in the trial court's initial amendment on that occasion. The trial court's right to amend its initial confirmation of sale in this matter therefore stands as the law of the case. Second, the

trial court's amendment in this matter does not revisit the order of priority and distribution of funds, but addresses only two ministerial aspects: first, the ever-increasing property tax bill accumulating during the numerous delays imposed by appellant's repeated appeals in the case, and second, the substitution of a party through assignment of the interest of the initial prevailing bidder at sheriff's sale. In fact, as to the property tax bill, it was not only within the jurisdictional power of the trial court to update the confirmation order as it did, but a statutory obligation to do so. R.C. 5721.19(A)(2) provides that the taxing authority, in pursuit of the first lien for taxes, may estimate the amount due and payable at the anticipated time the purchaser at sheriff's sale will receive deed to the property. In the present case, issuance of that deed has been repeatedly delayed, generally on the initiative of Ryan, and that estimate required from the county treasurer would necessarily require continuous updating. As to the substitution of a party through assignment, we also find no error as discussed more fully below in our discussion of the second assignment of error.

{¶ 12} We accordingly hold in this case that the trial court in this foreclosure action retains continuing jurisdiction to amend the prior confirmation of sale that has been the object of appeal, affirmance, and subsequent remand to the trial court, as those amendments reflected only the continued accrual of property taxes after entry of the initial confirmation of sale, and the assignment of interest and substitution of parties for the initial successful purchasers at sheriff's sale.[1] Accordingly, Ryan's first assignment of error is overruled.

{¶ 13} Ryan's second assignment of error asserts that the trial court lacked jurisdiction to amend the confirmation of sale to reflect the assignment of the successful bidder's interest during the course of subsequent litigation. This argument lacks merit for two reasons. First, there is precedent in Ohio that a successful bidder's interest acquired at sheriff's sale is assignable. *Watson v. Watson*, 24 Ohio App. 45 (1st Dist.1927). Second, Ryan has no standing to challenge such an assignment.

---

[1] We note in fact, while appellate courts have not expressly addressed the propriety of such subsequent amendment of confirmation orders, many Ohio cases refer to them without questioning their propriety. *See, e.g.*, *Green Tree Servicing, L.L.C. v. Barcroft*, 10th Dist. No. 13AP-1009, 2014-Ohio-2286; *First Place Bank v. Ohio Farmers Ins. Co.*, 5th Dist. No. 2011 CA 00009, 2011-Ohio-4077; *Bankers Trust Co. of California, N.A. v. Long*, 5th Dist. No. 2002CA00023, 2002-Ohio-5299; *JPMorgan Chase Bank, N.A. v. Brown*, 2d Dist. No. 21853, 2008-Ohio-200.

{¶ 14} In his brief on appeal, Ryan freely concedes that the judicial sale has extinguished his ownership interest in the property. A former owner whose interest has been extinguished by confirmation of sale lacks standing to challenge any assignment of the bidder's interest in the property. A similar situation was thoroughly discussed by the Second District in the case of *JPMorgan Chase Bank, N.A. v. Brown*, 2d Dist. No. 21853, 2008-Ohio-200. In that case, Brown, the former owner, challenged and delayed, through a series of appeals and bankruptcy filings, any attempt to convey title to the successful bidders at sheriff's sale. When the successful bidders eventually assigned their interest to a successor, Brown attempted to challenge the trial court's entry of an amended confirmation order to reflect the assignment and substitution of parties:

> "When the trial court confirmed the sale, the title to the property passed to the Thomases, and Brown's property interest was extinguished. Thus, Brown lacked standing to challenge the assignment. Furthermore, even if Brown had possessed a property interest, the Thomases were entitled to assign the bid to Glendale despite the fact that the Thomases owned the property and regardless of whether Glendale was the real party in interest."

> * * *

> Finally, we rejected Brown's assertion that he should have been notified of and afforded an opportunity to be heard on the assignment prior to the issuance of the June 30, 1997 amended entry. We stated:

> "Brown apparently interprets the June 30, 1997 amended entry as a second sale and confirmation. This entry, however, simply amended the January 19, 1993 confirmation of sale to reflect that Glendale, rather than the Thomases, should receive the deed from the sheriff and be awarded a writ of possession. Thus, Loc.R. 2.23(III) of the Montgomery County Court of Common Pleas, Civil Division, which requires notice of an upcoming judicial sale to the record owner of the property and other interested parties, did not apply. Furthermore, Brown's due process rights were not violated because he did not have a protected interest in the property following the confirmation of sale to the Thomases."

*Id.* at ¶ 37-40.

{¶ 15} In the present case, Ryan's property interest has been extinguished and he has no standing to challenge the assignment. The interests conveyed to the successful bidder, as well as the distribution of funds and the impact on Ryan's deficiency judgment in the case, are not affected by the assignment. Accordingly, Ryan's second assignment of error is overruled.

{¶ 16} Ryan's third assignment of error asserts that the trial court could not proceed to enter the second amended confirmation order because the court was acting on a motion brought by parties who never served Ryan with their motion in conformity with Civ.R. 4 and 5. Appellees point out that the motion in question was not newly filed before the court, but was a long-standing motion to distribute the proceeds of the sale. This preceded the trial court's first confirmation order entered May 17, 2012. Ryan made no complaint in the multiple intervening appeals that he was not served with this motion, and no intervening unserved motion appears on the docket. Accordingly, Ryan's third assignment of error is overruled.

{¶ 17} Ryan's fourth assignment of error asserts that the trial court erred in substituting a party to reflect the assignment of the successful bidder's interest acquired at sheriff's sale. As discussed above in connection with Ryan's second assignment of error, he lacks standing to contest either the assignment itself or the trial court's judicial acknowledgement of the assignment. Accordingly, Ryan's fourth assignment of error is overruled.

## IV. Conclusion

{¶ 18} In summary, we overrule appellant's four assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.